Louis John **PERCHITTI**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–82–566CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 28, 1983.

Michael P. Haines, J.L. Sadick, Houston, for appellant.

J. Sidney Crowley, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Louis John Perchitti was found guilty by the court of possession of a controlled substance, to wit cocaine, with the intent to deliver same, and punishment was assessed at ten years in the Texas Department of Corrections, probated for ten years. Appellant's single ground of error is that the trial court erred in overruling his Motion to Suppress evidence seized as a result of an illegal stop and seizure. We hold that the stop, search and seizure of Appellant was unreasonable and unconstitutional. Appellant's Motion to Suppress should have been granted. We reverse the conviction and remand the cause to the trial court for a new trial.

■ This case involves a non-border airplane terminal stop, search, seizure and arrest of Appellant, based solely upon the suspicions of Houston Police Department Officers Gann and Furstenfeld that Appellant fit several of the characteristics of the so-called "drug courier profile". However, suspicion based upon the presence or absence of one or more characteristics of any particular profile is of absolutely no legal significance in determining whether or not that suspicion was reasonable based upon the circumstances. *United States v. Berry*, 670 F.2d 583 (5th Cir.1982). Further, seizures resulting from non-border airport stops and searches are of such an intrusive nature that they cannot be considered constitutional unless they are based upon some other reasonable suspicion which would give rise to probable cause. *Id.*, at 600.

Houston Police Officers Gann and Furstenfeld were in plain clothes and on duty at the Houston Intercontinental Airport in November, 1981. Officer Gann, as part of his duty, was monitoring flights from Miami to Houston, at which time he observed Perchitti deplane from a Pan American flight from Miami. Perchitti was one of the last passengers to leave the airplane; he appeared nervous; he looked over his shoulder several times (as if to see if he were being followed); and he looked around the airport terminal and the baggage claims area (as if looking for someone to meet

him). Perchitti carried a briefcase from the airplane, picked up a suitcase from the baggage claims area, and was about to leave the terminal building in the direction of the taxis and limousines when he was stopped by Officer Gann. Officer Gann identified himself as a Houston Police Officer and introduced Officer Furstenfeld, who immediately advised Perchitti that they were narcotics officers and that he was suspected of transporting cocaine. They then asked Perchitti to identify himself and to produce his airline ticket, and he complied. The testimony is conflicting as to whether Perchitti or the officers opened his briefcase; however, the record is clear that Perchitti gave the officers his correct name and provided them with his airline ticket. Further, Perchitti showed the officers documents and papers in his briefcase that demonstrated the legitimacy of his trip from Miami to Houston. At that point in time, the officers should have realized they had no probable cause to detain Perchitti further, and should have advised him that he was free to leave. Instead, the officers asked Perchitti to move to another area of the airport terminal and again asked permission to search his suitcase. Perchitti remained silent and the officers then searched the suitcase and found cocaine inside a brown paper bag. Officer Gann testified at the hearing on the Motion To Suppress that Perchitti immediately placed his hand on the brown paper bag and said "there is no dope in here". Perchitti, however, testified that the officers opened both the briefcase and the suitcase, that he did not open them and that he did not give permission for them to be opened. He further testified that he believed that he was under arrest at the time he was told that he was suspected of transporting cocaine. He did not believe that he was free to leave nor did he believe that he was free to object to any search of his person or property. It is clear from the testimony of Officer Gann that Perchitti was not advised at any time that he was free to leave, that he could ask for an attorney, or that he could object to the search of his person or property or could

refuse to answer any questions put to him by the officers.

This court recognizes the long list of cases and the rationale that supports the need for non-border airport stops, in an effort to stop the flow of illegal drugs into this country. However, we further recognize that these stops must be of extremely restricted scope and nature, and they must be conducted in a completely non-coercive manner. It is the duty of this court to zealously protect individuals from abridgement of their constitutional rights, and to closely scrutinize the totality of the circumstances of any non-border airport stop that is based solely on a police officer's suspicion that an individual possesses one or more of the characteristics of the "drug courier profile". In *Berry*, the court sets out three tiers of police-citizen encounters:

1) communication between police and citizens involving no coercion or detention, and, therefore without the compass of the Fourth Amendment;

2) brief "seizures" that must be supported by reasonable suspicion; and

3) full scale arrests that must be supported by probable cause.

*Id.* at 591.

■ *Berry* further stands for the proposition that a drug courier profile is nothing more than an administrative tool to be used by the police, and the absence or presence of any particular characteristics of any particular profile is of no legal significance in determining reasonable suspicion and/or probable cause to support a search and seizure without a search warrant. *Id.* at 600.

■ It is clear that Perchitti was "put in custody" when he was first told that he was suspected of transporting cocaine. It was reasonable for him to assume that he was under arrest at that time and that he could not object to the search of his person or property. The subsequent search of his suitcase and the seizure of the contraband was without a warrant, and was totally void of probable cause. Even if Perchitti had consented to the search of his suitcase, the consent would not have been voluntary;

and on proper motion, duly filed, the fruits of the search should have been suppressed. The State cannot deny the inescapable conclusion that Officer Gann was wholly without probable cause to search the belongings of Perchitti. *See Florida v. Royer,* —— U.S. ——, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).

The State relied on *United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Their reliance is misplaced, as *Mendenhall* is distinguishable in that Mendenhall was advised that she could leave and could refuse the officer's request to search her belongings. Mendenhall thereafter consented to the search.

Perchitti's single ground of error is sustained. The conviction of the trial court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.