**Juanita Maria CURRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–84–780–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 17, 1985.

Senfronia Thompson, Ray Stevens, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., William J. Delmore, III, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The appellant, as a result of a plea bargain, entered a plea of "no contest" to the offense of possession with intent to deliver a controlled substance. The court accepted the plea and assessed punishment at 10 years probation and a $2,000.00 fine. Ap-

pellant's sole ground of error asserts that the trial court erred in overruling her motion to suppress the evidence as a result of an illegal search in violation of the 4th Amendment of the United States Constitution and Article 1, Section 9, of the Texas Constitution. We agree.

Appellant was stopped and questioned by Houston Narcotics officers, Gann and Fite, at Hobby Airport. Based upon their own observations, and the observation of the police at Los Angeles International Airport, appellant fit the profile of a drug courier. After answering several questions appellant started to leave when Gann told her he was a narcotics officer, working on an investigation. Gann then reached over and grabbed appellant by the arm and asked her if she would mind continuing the investigation inside the terminal building. Once inside appellant consented to the search of her purse and suitcase. No contraband was found. Officer Gann was then joined by officer Fite who took appellant to the airport police office. Once inside appellant began to unbuckle and unzip her pants. She was stopped by the officers until she was escorted into another room with a female officer. Upon entering this room appellant pulled down her pants and produced sixteen ziplock baggies containing the controlled substance hydromorphone.

No constitutional rights are violated when law enforcement officers stop an individual at an airport and ask questions concerning the activities of the individual. The individual may at his own discretion speak to the officers or he may simply walk away. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Florida v. Royer,* 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). It is only when an individual is seized that their Fourth Amendment rights are violated. A seizure occurs when in view of all the circumstances a reasonable person would believe he was not free to leave. *United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).

If a stop is held to be a seizure it can be constitutional only if it was based on a "reasonable suspicion." Reasonable suspicion being "specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant [an] intrusion." *Terry v. Ohio, supra.*

Such intrusion must be temporary and last no longer than is necessary to effectuate the purpose of the stop. The police may not carry out a full search of the person or his effects. Nor may they verify their suspicions by means that approach an arrest. *Florida v. Royer, supra.*

The initial police contact outside Hobby Airport did not violate any constitutional rights of appellant. Los Angeles policeman, Michael Farrant, observed appellant at Los Angeles International Airport. During this observation he noted that appellant: (1) flew alone; (2) hastily departed from a Jeep without "parting gestures;" (3) walked briskly to the ticket counter; (4) appeared "very nervous" and "overly conscious of people" while waiting in line; (5) had no reservation; (6) paid cash for a one way ticket; and (7) appeared nervous waiting to board the plane.

Officer Farrant then contacted the Houston Police concerning his observations of appellant. Officer Gann and Fite observed appellant deplane and noted that she: (8) walked briskly or hurriedly through the airport; (9) glanced several times over her shoulder; and (10) appeared to be either in a hurry or nervous. Based upon these observations, the officers had enough justification to detain and question appellant about her identity and activities.

During the initial interview officer Gann caught appellant in several lies. Appellant stated that she had not been a passenger on a plane and her identification showed that her name was Curry and not Williams (Williams was the name she used to buy her airplane ticket). Additionally, she was very nervous and began to shake "excessively."

At this point in time officer Gann had a suspect who fit certain charac-

teristics of the drug courier profile. But the drug courier profile standing alone is of no legal significance in the determination of reasonable suspicion. *See United States v. Berry*, 670 F.2d 583, 600 (1982). In order to further detain appellant, officer Gann and Fite needed either the consent of appellant or probable cause to arrest. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

It is apparent that appellant was "in custody" when officer Gann grabbed her arm to keep her from leaving. It would be reasonable for her to assume that she was under arrest at that time and that she could not refuse to consent to any search of her person or property. The subsequent search and detention was without a warrant and void of probable cause. Any evidence obtained after this point in time should have been suppressed as the fruit of an illegal detention. *See Florida v. Royer, supra; United States v. Berry, supra; Perchitti v. State*, 659 S.W.2d 75 (Tex.App.—Houston [14th Dist.] 1983, no pet).

Appellant's single ground of error is sustained. This cause is remanded to the trial court for further proceedings consistent with this opinion.