**Janet COLLIER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–01315–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 12, 1992.

OPINION

SEARS, Justice.

Janet Collier pled guilty to the charge of possession of a controlled substance, namely cocaine, weighing less than 28 grams. The trial court assessed punishment at five (5) years deferred adjudication. We reverse.

The trial court held a hearing on Appellant's Motion to Suppress the cocaine. No live testimony was given, and the hearing consisted solely of the affidavits of two officers and the appellant. The trial court denied the motion and the appellant pled guilty. This appeal followed.

Officer Fondon stated in his affidavit that he was working undercover at the Kempwood Village Apartments on October 2, 1991, observing the conduct of Kendrick Thomas, a man he believed to be a narcot-

ics dealer. He observed Mr. Thomas "approach a vehicle that would drive into the complex, get into the vehicle, drive around the complex with the occupant of the vehicle, come back to the original place where he had been picked up, and get out of the vehicle." This occurred several times before he saw a maroon vehicle appear.

The maroon vehicle entered the complex with two occupants, and Mr. Thomas got into the vehicle. The driver circled the complex, and then returned Mr. Thomas to where he had been picked up. Based upon his experience and his observations, he believed he had witnessed a drug transaction. Officer Fondon radioed a description of the vehicle to Officers Howard and Tongue, and requested they stop the vehicle and investigate.

Officer Howard stated that they immediately saw and stopped the maroon vehicle. They approached the occupants, and requested that they exit the car. Both occupants complied and stepped to the rear of the car. The officers questioned the driver and the appellant about their involvement in the alleged narcotics transaction; they denied any involvement. Officer Tongue wrote citations to the driver for an expired license and no proof of liability. The officers found nothing to confirm the suspicion of a drug deal or any other criminal activity. However, they radioed for a female officer to respond to the scene to search the occupants. Neither officer informed the appellant that she was under arrest, but she was told that a female officer was en route to the scene to conduct a body search. At this point, twenty minutes had passed. According to Appellant's affidavit the officers searched the car, and found nothing. The search of the car was not controverted by the officers' affidavits. Officer Howard then noticed appellant stepping on something in an attempt to grind it into the ground. He did not see who had dropped it, but he believed it to be cocaine and asked the suspects which one of them had dropped it. Appellant said it was hers. Appellant contends that the stop became illegal when the officers continued to detain her after they failed to develop sufficient facts amounting to prob-able cause for an arrest or a continued detention for a search of her person.

In her third point of error, appellant claims that the trial court erred in overruling her Motion to Suppress the cocaine, and that she was illegally detained without probable cause in violation of the Fourth and Fourteenth Amendments of the United States Constitution. A trial court's ruling on a Motion to Suppress will not be set aside absent an abuse of discretion. *Meek v. State*, 790 S.W.2d 618, 620 (Tex.Crim. App.1990).

The facts indicate that Officers Howard and Tongue were conducting an investigatory detention when they stopped the maroon vehicle. Such a detention "must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Lopez v. State*, 663 S.W.2d 587, 589 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd), citing *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). The police "may not carry out a full search of the person or his effects. Nor may they verify their suspicions by means that approach an arrest." *Curry v. State*, 699 S.W.2d 331, 333 (Tex.App.— Houston [14th Dist.] 1985, pet. ref'd). The officers questioned the women about the narcotics transaction and allegedly searched the car and found no evidence of a crime. The officers claim appellant was not under arrest, yet they continued to detain her after failing to develop probable cause to justify an arrest or a continued detention. The decision by Officers Howard and Tongue to detained the appellant for a search by a female officer was unlawful and without probable cause. Because of this illegal detention, the appellant dropped the cocaine. We find that her abandonment of the cocaine was a direct result of the misconduct of the police, and therefore, inadmissible. *Hawkins v. State*, 758 S.W.2d 255, 260 (Tex.Crim.App.1988). We sustain appellant's third point of error, and in doing so, find it unnecessary to address the other points.

The judgment of the trial court is reversed and remanded.