TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00106-CR







Misty Michelle White, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0985588, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







A jury found appellant Misty Michelle White guilty of possessing between four and
two hundred grams of cocaine within a thousand feet of a school, and assessed punishment at
imprisonment for seven years and a $10,000 fine. See Tex. Health & Safety Code Ann.
§§ 481.115(a), (d); .134(c) (West Supp. 2001). Appellant's only point of error is that her motion to
suppress evidence should have been granted. We will overrule this contention and affirm the
conviction.

The ruling on a motion to suppress evidence presents a mixed question of law and
fact. We defer to the district court's factual determinations but review de novo the court's
application of the law to the facts. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

Austin police officer Kenneth Koch was dispatched to the intersection of Chico and
Estes Streets at about 11:20 p.m. on the night in question. The officer was told that two black males,
both approximately twenty-one years old, were selling narcotics at that location. One of the suspects
was said to be wearing a white T-shirt and blue jeans, while the other was wearing a red T-shirt and
blue jeans. The intersection was within Koch's regular patrol area, and he was particularly familiar
with it because an elementary school was on one corner. The officer described the location as a
"high-narcotics trafficking area."

When Officer Koch arrived at the intersection, he saw a black male wearing a white
T-shirt sitting in the driver's seat of a parked automobile. Koch recognized this man as Wil Foley,
a drug dealer the officer had arrested on other occasions. A woman later identified as appellant was
sitting with Foley in the front passenger seat. A black male wearing a red T-shirt was standing with
two other men beside the car. Foley and the man in the red shirt both appeared to be twenty-one
years old.

Koch parked his patrol car and walked toward the suspect vehicle. He noticed
appellant "started leaning forward and downward but trying to keep her head up . . . making some
kind of furtive movements down by her feet." Meanwhile, Foley had gotten out of the car. Koch
ordered everyone to stay where they were and waited for a backup officer to arrive.

Officer Jeff Domel arrived a few minutes later. He and Koch then conducted
protective frisks of the four men. As they did this, appellant began walking toward the house at 1121
Estes. She did not respond to Koch's order to return, so he pursued her and walked her back to the
suspect car. Koch noticed that appellant "started tugging on her shorts as we were walking back,
which made me suspicious, make me think she was hiding narcotics in the crotch area, which is
pretty common." Officer Koch took appellant aside and told her that a female officer was on the way
to frisk her, and that if she had any illegal substances she should tell him before the female officer
arrived. Appellant told the officer, "I don't have anything."

A third officer, Gregory White, arrived and was told to watch appellant while Koch
examined the suspect car. At this time, the officers were also attempting to identify all the persons
at the scene and running warrant checks. White noticed that appellant "had a real nervous look on
her face [and] she kept looking around as if trying to find an avenue of escape." Suddenly, appellant
seized her purse and began to run toward the house at 1121 Estes. As she ran, she reached inside
the purse. White and another officer ran after appellant, following her as she ran onto the porch and
kicked in the front door of the house. White grabbed appellant, and they both fell forward onto the
floor. As they fell, two cookies of crack cocaine fell out of appellant's purse. More crack cocaine
fell from appellant's hand as the officers removed her from the house.

Appellant contends that Officer Koch did not have a legal basis for initially detaining
her. Alternatively, she argues that if her initial detention was justified, the detention unlawfully
continued after that justification ended.

A police officer may stop and briefly detain a person for investigative purposes if the
officer, in light of his experience, has a reasonable suspicion supported by articulable facts that
criminal activity may be afoot. Terry v. Ohio, 392 U.S. 1, 30 (1968). The reasonableness of a
temporary detention must be examined in terms of the totality of the circumstances. Woods v. State,
956 S.W.2d 33, 38 (Tex. Crim. App. 1997). A temporary detention is justified when the detaining
officer has specific articulable facts, which taken together with rational inferences from those facts,
lead him to conclude that the person detained is, has been, or soon will be engaged in criminal
activity. Id. A reasonable suspicion means more than a mere hunch or suspicion. Davis v. State,
947 S.W.2d 240, 244 (Tex. Crim. App. 1997). A detention is not permissible unless the
circumstances objectively support a reasonable suspicion of criminal activity. Id. 

An anonymous tip or telephone call may justify the initiation of an investigation, but
it alone will rarely establish the level of suspicion required to justify a detention. Alabama v. White,
496 U.S. 325, 329 (1990); Davis v. State, 989 S.W.2d 859, 863 (Tex. App.--Austin 1999, pet. ref'd). 
Normally, a police officer must have additional facts before the officer may reasonably conclude that
the tip is reliable and an investigatory detention is justified. Davis, 989 S.W.2d at 863. An officer's
prior knowledge and experience, and his corroboration of the details of the tip, may be considered
in giving the anonymous tip the weight it deserves. Id. at 864.

Officer Koch received an anonymous tip that two men were selling drugs late at night
at a location known to the officer as a narcotics-trafficking area. Upon arrival at the scene, the
officer found several individuals, two of whom matched the descriptions he had been given. One
of these men, Foley, was a known drug dealer. Appellant was sitting in a car with Foley, and made
furtive gestures as Koch approached. We hold that the tip, the officer's observations, the officer's
prior knowledge, and the surrounding circumstances gave Koch a reasonable basis for suspecting
criminal activity and to detain appellant and the four men for further investigation. The opinion on
which appellant relies, Comer v. State, 754 S.W.2d 656 (Tex. Crim. App. 1986), is factually
distinguishable.

An investigative detention must be temporary and last no longer than is necessary to
effectuate the purpose of the stop. Florida v. Royer, 460 U.S. 491, 500 (1983). It is not clear how
long appellant had been detained at the time she fled. The evidence does reflect that the officers
were still in the process of identifying all the persons at the scene and running warrant checks. It is
not unreasonable for an officer to demand identification and check for outstanding warrants in the
course of a detention. Davis, 947 S.W.2d at 245 n.6). Moreover, Officer Koch testified that he had
not had an opportunity to speak to each of the suspects individually. Although appellant had herself
been identified, the circumstances warranted detaining appellant until all present were identified and
questioned by the officer. We hold that appellant's detention had not exceeded its lawful temporal
limit at the time she ran from the officers. Once again, appellant relies on a factually distinguishable
opinion. See Collier v. State, 843 S.W.2d 176 (Tex. App.--Houston [14th Dist.] 1992, no pet.).

Having concluded that appellant was being lawfully detained when she fled from the
officers, and there being no dispute that the officers' subsequent conduct was lawful, we overrule
the point of error and affirm the judgment of conviction. 



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: August 30, 2001

Do Not Publish