Michael Lynn CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 45173.

Court of Criminal Appeals of Texas.

July 26, 1972.

---

**466**

Charles L. Caperton, Dallas, (on appeal only), for appellant.

Ward P. Casey, County Atty., Waxahachie, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft. The jury assessed the punishment at six years.

Complaint is made that the arrest of the appellant and the search of his car were illegal. The sufficiency of the evidence is not challenged.

Officers found a two dollar bill that was taken from the burglary in appellant's car some five days after the burglary. Braden Automotive Store in Waxahachie was entered the night of January 30, 1970 and six hundred dollars, a coin collection and other items were taken. At approximately 3 a. m. February 4, 1970, Officer Sullins of the Waxahachie Police Department saw an unoccupied car with out-of-county license plates parked in front of a lumber yard where no car had been parked a few minutes earlier. Officer Sullins shined a light inside the car and saw the barrel end of a leather holster and several tape deck speakers. Within a few minutes he saw the appellant and two others enter the car and drive away. Sullins followed and stopped the car. Since he was alone, he had the appellant follow him to the police station.

At the station, the appellant consented to the search of the car. The officer found a black satchel containing what the State proved could be burglary tools and coins and coin wrappers in a glass container. In the glove compartment Sullins found three "walkie-talkie" radios. In the trunk of the car Officer Sullins found the two dollar bill taken in the burglary.

The appellant testified that he was not in Waxahachie the night of the burglary. His version was that he obtained the two dollar bill in Dallas. He and his two passengers testified that on the night of their arrest they were going from Dallas to Gal-

veston by way of San Antonio and the only reason they left the interstate highway was to get gasoline. They testified that they were out of the car because one of them had to answer a call of nature.

The first complaint of the appellant is that his arrest was illegal. Article 14.03, Vernon's Ann.C.C.P., provides:

> "Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

In Taylor v. State, Tex.Cr.App., 421 S. W.2d 403, 408, cert. denied 393 U.S. 916, 89 S.Ct. 241, 21 L.Ed.2d 201, there was a somewhat similar fact situation and this Court held the arrest legal. See Baity v. State, Tex.Cr.App., 455 S.W.2d 305; Lara v. State, Tex.Cr.App., 469 S.W.2d 177.

 We hold that the arrest under Article 14.03, supra, was authorized.[1]

Next, he complains of the search of the trunk of the car because he was not warned that he could refuse to consent to the search. While testifying in his own behalf, the appellant stated that he consented to the search and unlocked the trunk. We held in Barnett v. State, Tex. Cr.App., 447 S.W.2d 684, that an officer did not have to warn one of his right to refuse to consent to a search. Several cases since then have followed that holding. See Jemmerson v. State, Tex.Cr.App., 482 S.W.2d 201 (June 21, 1972), and De-Voyle v. State, Tex.Cr.App., 471 S.W.2d 77. See also 9 A.L.R.3rd, Section 3.5, pages 858–925, which reflects that the majority rule is that the Miranda warnings are not applicable to searches and seizures and that consent to search is valid despite failure to give such warning.

We again hold that no such warning is required before a search can be made.

No reversible error is shown; the judgment is affirmed.

ROBERTS, J., not participating.

---

1. It is not necessary to pass upon the question of the legality of the arrest under Article 487, Vernon's Ann.P.C., which provides that an officer may arrest, without a warrant, one for unlawfully carrying a weapon.