James Edward WILLIAMS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 45591.

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

---

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of marihuana. The jury assessed the punishment at ten years.

Appellant first challenges the sufficiency of the evidence.

The principal witnesses for the State were Officers William E. Meek and Max L. Countryman of the Dallas Police Department. Officer Meek testified that on the night of May 21, 1971, while he and Officer Countryman were on routine patrol in East Dallas, a description of a man wanted in connection with an assault that had occurred on Ross Avenue was broadcast over their police radio. The suspect was reportedly going north on McCoy Street from Ross Avenue. He then testi-

fied that as they turned onto McCoy they noticed two men standing at the rear of a pickup truck. One of them was dressed similarly to the broadcast description of the individual they were looking for. Officer Meek then stated that when they stopped, Officer Countryman shined the spotlight on them so they could see them better. He said that the two men seemed to be talking about something they had in their hands.

■ Appellant was shaking a plastic bag, emptying the contents on the ground. Officer Meek continued his testimony, after making an in-court identification of appellant, stating that as he began to get out of the car the appellant threw the bag to the ground and both men began to run. Because appellant fit the description of the man they were looking for, the two officers gave chase to him and when they ordered him to stop he did so. They then returned to where appellant and his companion had been standing and recovered a plastic bag and some substance that appeared to be marihuana. Chemical analysis later showed the recovered substance to be marihuana. Officer Countryman testified to essentially the same facts as Officer Meek, except that he said that there were two plastic bags found. The evidence is sufficient to support the conviction. Appellant's first ground of error is overruled.

Next, it is contended that the arrest was illegal and that the evidence obtained incident thereto was inadmissible.

Article 14.03, Vernon's Ann.C.C.P., provides:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

■■ In addition to the testimony that the appellant fit the description of the man wanted, the officers saw the two men holding something in their hands and then the

flight. Flight is a circumstance from which an inference of guilt may be drawn. Ysasaga v. State, Tex.Cr.App., 444 S.W.2d 305. "The wicked flee when no man pursueth: but the righteous are bold as a lion." Proverbs 28:1. Under the facts and circumstances of this case and the above statute, the court was authorized to conclude that the arrest was legal. The arrest being legal, the evidence was properly admitted. See Alaniz v. State, Tex.Cr.App., 458 S.W. 2d 813. Appellant's second ground of error is overruled.

No reversible error being shown, the judgment is affirmed.