Richard Wayne THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 51031.

Court of Criminal Appeals of Texas.

March 10, 1976.

826

Harold J. Laine, Jr., Port Arthur, Walter M. Sekaly, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary. Appellant was found to be an habitual offender and was sentenced to life imprisonment.

Appellant's sole contention is that the evidence used against him was obtained as the result of an illegal arrest and search.

On the morning of March 7, 1974, at about 1:00 a. m., appellant and his brother were walking along Lewis Drive in Port Arthur. This was a high crime area where many prowlers had been recently reported. Appellant was carrying what appeared to be the officers as a woman's type suitcase. Officers Oakes and Moye of the Port Arthur Police Department stopped the two and asked them for some identification. When appellant gave his name Officer Oakes recognized it as that of one who had been mentioned by other officers. Appellant told him that he had been convicted for burglary.

After stopping them, the officers saw that appellant was carrying a blue suitcase with one metal tag reading "Western Electric Company" and a second tag bearing the name of Mrs. Irene Taylor, Beaumont, Texas. Appellant told the police that he had found the suitcase along the side of the road in Baytown. He gave the officers three different addresses where he lived and "he didn't know where he was going."

The officers arrested the appellant and his brother and took them to the police station. At the station the officers opened the suitcase and found two desk telephones.

Later that morning a burglary was discovered at Lee Elementary School in Port Arthur. A blue suitcase containing two demonstration telephones belonging to Southwestern Bell was reported stolen. The burglary took place from two to four blocks from where the appellant and his brother were arrested. The appellant's fingerprints were found outside a broken window used as an entrance by the burglar.

A police officer may make an investigatory stop under appropriate circumstances even though the officer has no probable cause for arrest. An officer may have specific and articulable facts which, in the light of his experience and general knowledge, reasonably warrant such a stop. *Hernandez v. State*, 523 S.W.2d 410 (Tex. Cr.App.1975); *Baity v. State*, 455 S.W.2d 305 (Tex.Cr.App.1970); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Article 14.03, V.A.C.C.P., authorizes a warrantless arrest of a person found in a suspicious place and under circumstances which reasonably show that the person has

been guilty of some crime. *Hunnicutt v. State,* 531 S.W.2d 618 (Tex.Cr.App.1976). See *Wood v. State,* 515 S.W.2d 300 (Tex.Cr.App.1974). The location and time of the appellant's detention by the police coupled with the fact that the suitcase bore obvious evidence that it belonged to someone other than the appellant and his inability to explain satisfactorily his possession of the suitcase were enough to warrant the arrest of the appellant under Article 14.03, supra. See *Williams v. State,* 489 S.W.2d 614 (Tex.Cr.App.1973); and *Clark v. State,* 483 S.W.2d 465 (Tex.Cr.App.1972).

In *Wood v. State,* supra, it is written:

"The Fourth Amendment has been held not to require a policeman who lacks a precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow crime to occur or a criminal to escape. Circumstances short of probable cause for arrest may justify temporary detention for investigation and questioning. Thus, neither tests of reliability demanded for showing of probable cause nor showing of probable cause is required to justify an investigative stop. A brief stop of a suspicious individual in order to determine his identity or to maintain status quo momentarily while obtaining more information may be reasonable in light of facts known to the officer at the time."

Glenn Allen Thompson, appellant's brother, testified that they were together when the officers stopped them and that they had found the suitcase and had the suitcase with them and that they had intended to turn it in.

No error is shown; the judgment is affirmed.