**Stephen Alan TUNNELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 53402.

Court of Criminal Appeals of Texas.

July 13, 1977.

Rehearing Denied Sept. 14, 1977.

Kenneth Vaughan, on appeal only, Garland, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton and Dan C. Guthrie, Jr., Asst. Dist. Attys., Dallas, for the State.

### OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of less than two ounces of marihuana. Appellant was tried before the court, found guilty, and assessed a punishment of thirty days in jail and a fine of one hundred fifty dollars. Appellant was granted probation but was required to pay his fine as a condition of probation. See Art. 42.13, Sec. 5(b)(8); *Batten v. State,* 549 S.W.2d 718, 719, n.2 (Tex.Cr.App.1977).

Appellant's sole contention is that the search which led to the discovery of the marihuana was the result of an illegal investigative detention. We agree and reverse.

Ted Alford, a Garland police officer, testified that on December 5, 1974, he was working a "special assignment for burglary of motor vehicles" as part of a "tactical unit."[1] While driving south on Merion

---

1. Alford also testified that he was wearing plain clothes and was in an unmarked car. He also stated that he was "assigned to work on burglary of motor vehicles out in that part of town." None of this testimony allows us to infer that "that part of town" was a "high crime" area or an area which could boast of a disproportionately high number of motor vehi-

Drive at 2:16 A.M., he saw three men in an automobile parked in a well-lighted hospital parking lot. The lights of the automobile were turned off.

Alford testified that he knew on the date of appellant's arrest that the area where appellant was parked was only a short distance—about a mile—from a Kraft Food Company plant. Alford also stated that he was aware that the Kraft plant was operated twenty-four hours a day. According to Alford, he nonetheless thought the "activity" of the three individuals' sitting in the car was suspicious and warranted an investigation. Alford therefore drove a short distance, turned around, and again approached the hospital parking lot.

As Alford drove up, he saw that the other car's lights had been turned on. The car then turned north on Merion Drive. Alford followed the car until it turned off Merion, at which time he stopped the car.

Alford identified appellant as the driver of the car. He testified that appellant and his two companions committed no traffic violations, engaged in no criminal activity, made no furtive gestures, and took no evasive actions after Alford began his pursuit. *Cf. Borner v. State,* 521 S.W.2d 852, 854 (Tex.Cr.App.1975); and see *McDougald v. State,* 547 S.W.2d 40 (Tex.Cr.App.1977), and *Faulkner v. State,* 549 S.W.2d 1 (Tex.Cr. App.1976).

Alford approached the car and asked the three occupants for identification, which they provided. There is nothing in the record, however, to suggest that Alford's purpose in stopping the appellant was to determine if he had an operator's license, as is permitted by Art. 6687b, Sec. 13, V.A.C.S. See *Faulkner v. State,* supra.

Alford testified that he smelled the strong odor of burning marihuana as he approached the driver's side of the car. As appellant and his companions were getting out of the car, Garland Police Officer Bill Connaster arrived. While Alford spoke

with appellant and his companions, Connaster searched the car. He "found a small amber vial located between the transmission hump and the right front passenger seat near the front, which contained two, what appeared to be marijuana cigarettes . . ." Like Alford, Connaster testified that he smelled the odor of burning marihuana in the car.

The appellant testified that he worked at the Kraft Food Company plant in Garland and that he was on his lunch break when he and his companions were stopped by Alford. He stated that he was approximately one-half mile from the Kraft plant at the time. Appellant denied knowing that the vial containing marihuana was in the car.

Appellant and the State entered into a stipulation that the substance in the cigarettes in the vial was marihuana. The parties also stipulated that Doyle Anderson, one of appellant's companions, had previously pleaded guilty to a charge of possessing the marihuana in the car.

In *Brown v. State,* 481 S.W.2d 106, 109–110, we observed that there are three classes of probable cause: probable cause to arrest, to search, and to investigate. In *Ablon v. State,* 537 S.W.2d 267, 268–269 (Tex.Cr.App.1976), we again held, in accord with well-established precedent, that a temporary detention of an individual for investigation is a less serious intrusion on personal freedom than an arrest.

■ However, it is clear that when an investigative detention is based on nothing more than an inarticulate hunch the fruits of the detention and subsequent search are inadmissible in evidence. See the opinion on rehearing in *Ceniceros v. State,* supra, and authorities there cited.

In *Ceniceros* the defendant and his companions were standing on a street corner. The officer in that case approached them solely for investigative purposes " 'to see if they had any business in the area.' " *Cen-*

cle burglaries. See *Ceniceros v. State,* 551 S.W.2d 50, 55 (Tex.Cr.App.1977), dissenting opinion on original submission (February 16, 1977) held correct and adopted in majority opinion on rehearing (May 18, 1977). See also *Scott v. State,* 549 S.W.2d 170 (Tex.Cr.App. 1976).

*iceros,* supra at 55. When Ceniceros appeared nervous, the officer asked the men for identification. The men responded by pulling out their wallets. While Ceniceros was going through his wallet, a piece of foil fell to the sidewalk. The foil was found to contain heroin. We reversed because the initial detention was based on a police officer's inarticulate hunch about wholly innocent activity.

■ The facts surrounding appellant's detention in this case are indistinguishable from those in *Ceniceros* except that Ceniceros was afoot, while this appellant was in an automobile. Here, as in *Ceniceros,* we hold that the officer's investigative action was unreasonable and thus in violation of the Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution.[2] It was thus error for the trial court to admit in evidence the marihuana seized from appellant's vehicle.

It follows that the judgment must be reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

The majority holds that it was unreasonable for an officer to stop a car which left a high crime area after it had been parked without lights on a street in that area. In the opinion of this writer, it was a reasonable detention and constituted good police work.

On the morning of December 5, 1974, at approximately 2:16 a. m., appellant and two companions, Doyle Anderson and Larry Warner, were arrested by Sgt. Ted Alford, a veteran with eight years' service with the Garland Police Department. Sgt. Alford testified that he observed three individuals sitting in a car on Inwood Boulevard near Merion Drive with its lights out next to the hospital parking lot. Alford was working in plain clothes and an unmarked vehicle due to the number of burglaries of motor vehicles in that part of town. He drove past them for approximately 150–200 yards

before turning around to come back and check out the vehicle and its occupants. As he came back toward appellant's vehicle, the lights were turned on and appellant turned north on Merion Drive and then onto Forest Lane where Alford stopped him.

Alford approached the vehicle from the driver's side and asked appellant and his two companions for identification. He noticed a strong odor of burning marihuana coming from the car. Appellant and his companions were requested to get out of the vehicle. After appellant was out but before his two companions got out of the car, Officer Connaster, a uniformed patrolman, arrived on the scene. While Alford questioned the three men as to the nature of their activities that evening, Connaster made a search of the vehicle. During the search he ". . . found a small amber vial located between the transmission hump and the right front passenger seat near the front which contained two, what appeared to be marijuana cigarettes that had a green substance inside, . . ." He also smelled the odor of burning marihuana as he searched the vehicle.

Appellant testified and denied any knowledge of the vial being in the car. It was stipulated that marihuana was present in the car and that companion Anderson had been convicted of misdemeanor possession of marihuana as a result of this transaction.

In *Thompson v. State,* 533 S.W.2d 825 (Tex.Cr.App.1976), this Court held:

"A police officer may make an investigatory stop under appropriate circumstances even though the officer has no probable cause for arrest. An officer may have specific and articulable facts which, in the light of his experience and general knowledge, reasonably warrant such a stop. *Hernandez v. State,* 523 S.W.2d 410 (Tex.Cr.App.1975); *Baity v. State,* 455 S.W.2d 305 (Tex.Cr.App.1970); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)."

2. See also *Talbert v. State,* 489 S.W.2d 309 (Tex.Cr.App.1973), and *McDougald v. State,* supra, where we held similar investigative stops of automobiles unreasonable.

**700**

The facts and circumstances shown herein are sufficient to justify Alford's temporary detention for the purpose of investigation. Such an investigation is allowed since it is considered to be a lesser personal intrusion on the security of an individual. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Ablon v. State,* 537 S.W.2d 267 (Tex.Cr.App.1976).

Appellant's detention by the police was justified. The strong odor of burning marihuana in the car was sufficient to establish probable cause for the search of the car and the arrest of the appellant. See *Thompson,* supra; *Williams v. State,* 489 S.W.2d 614 (Tex.Cr.App.1973); and *Clark v. State,* 483 S.W.2d 465 (Tex.Cr.App.1972).

In *Wood v. State,* 515 S.W.2d 300 (Tex.Cr.App.1974), it is written:

"The Fourth Amendment has been held not to require a policeman who lacks a precise level of information necessary for probable cause to arrest so simply shrug his shoulders and allow crime to occur or a criminal to escape. Circumstances short of probable cause for arrest may justify temporary detention for investigation and questioning. Thus neither tests of reliability demanded for showing of probable cause nor showing of probable cause is required to justify an investigative stop. A brief stop of a suspicious individual in order to determine his identity or to maintain status quo momentarily while obtaining more information may be reasonable in light of facts known to the officer at the time."

Under the facts in this record the officers acted properly. There was no unreasonable search.

The judgment should be affirmed.