Jose LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-83-0151-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 8, 1983.

David R. Bires, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before WARREN, DOYLE and LEVY, JJ.

## OPINION

LEVY, Justice.

Appellant was indicted for burglary of a building, and the offense was enhanced with a prior Louisiana conviction that was later abandoned. Appellant filed a motion

to suppress evidence, which was denied after a hearing, and then entered a plea of not guilty before the court. He signed a stipulation of evidence which essentially duplicated the testimony from the suppression hearing. The trial court found the appellant guilty as charged and assessed punishment at four years confinement.

Although the State's evidence in this case was circumstantial, its sufficiency is not challenged on appeal.

On May 25, 1981, at approximately 1:20 a.m., Houston police officers E.W. Griffin and M.W. Potell were engaged in assisting a unit responding to a silent burglar alarm at Cutter Bill's Western Wear on Westheimer Road in Harris County. Officer Griffin testified at the hearing on the motion to suppress that as they approached the store, a white car pulled rapidly out of the Cutter Bill's parking lot at a high rate of speed, and he observed the car swerve across a lane-and-a-half of the street, crossing the center stripe from the curb lane, swerve back, bounce off the curb, and then accelerate. After observing this reckless driving, the officers pulled the appellant over to investigate why he was driving in that manner and to see if he might be intoxicated. Griffin observed that Cutter Bill's was closed at that early morning hour, there were no other commercial establishments using that parking lot, and there were no other automobiles in the lot.

Appellant brings two grounds of error before this court. In his first ground he argues that there was no probable cause to support the initial stop, and in his second ground he argues that the State failed to prove his voluntary consent to search his automobile. The State argues that the facts supported an investigative stop for either the traffic offenses or the suspected burglary. Appellant contends that the officers had no reason whatsoever to pull him over, and that the stop was based on a mere "hunch" without any articulable facts present to justify the stop. Appellant further argues that the events in this case were as consistent with innocent activity as with criminal activity, resulting in an unlawful detention of the appellant. *Baldwin v. State,* 606 S.W.2d 872 (Tex.Cr.App.1980); *Faulk v. State,* 574 S.W.2d 764 (Tex.Cr.App. 1978).

■ A police officer is permitted to make a brief stop of a suspicious individual in order to determine his identity or to maintain the status quo while obtaining more information. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). An occupant of an automobile is just as subject to a brief detention as is a pedestrian. *Adams, supra; Hazel v. State,* 534 S.W.2d 698 (Tex.Cr.App.1976). Appellant's conduct in quickly pulling out of the parking lot, and driving erratically, reasonably indicated to the officers that something irregular may well have taken place, and gave them justification for making the initial stop. Although the opinion of a police officer as to his authority in making an arrest does not in itself establish the existence of such authority, circumstances short of probable cause for an arrest may justify a temporary detention for investigation and questioning. *Wood v. State,* 515 S.W.2d 300 (Tex.Cr.App.1974). Reasonable suspicion of crime is insufficient to justify custodial interrogation even though the interrogation is investigative. *Dunaway v. New York,* 442 U.S. 200, 211, 99 S.Ct. 2248, 2256, 60 L.Ed.2d 824 (1979). A temporary detention for purposes of investigation is a lesser intrusion upon the personal security of an individual and may be justified under circumstances which do not amount to probable cause for arrest. *Fatemi v. State,* 558 S.W.2d 463 (Tex.Cr.App.1977); *Tunnell v. State,* 554 S.W.2d 697 (Tex.Cr.App.1977). An investigative detention *must* be temporary and last no longer than is necessary to effectuate the purpose of the stop. The investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time. *Florida v. Royer,* —— U.S. ——, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).

■ The reasonableness of a temporary detention is determined in light of the specific and articulable facts, together with

rational inferences from such facts, which are known to the officer at the time of the detention. *Fatemi, supra.* Griffin's testimony at the suppression hearing, indicating that he had more than an inarticulate hunch, explained his reasons for making the initial stop. Griffin testified that he initially pulled appellant over to investigate his driving and discuss various traffic offenses, as well as to determine whether appellant might have been intoxicated. We hold that these facts support an investigative stop for either the traffic offense or the suspected burglary.

Appellant's first ground of error is overruled.

In his second ground of error, appellant argues that the State failed to prove consent to the search of his automobile by clear and convincing evidence.

While Officer Griffin was questioning the appellant after the traffic stop, another police unit which had responded to the burglar alarm notified Griffin that the building had indeed been burglarized. Griffin then arrested the appellant, searched him, placed him in the back of the patrol car, and read the appellant his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Griffin stated that he then "asked him for consent to search his vehicle," and at that time appellant replied, "Go ahead." Griffin and his partner then searched the appellant's car, and upon opening the trunk, Griffin found six leather coats with price tags and security markings from Cutter Bill's Western Wear. This testimony was disputed by appellant who took the stand and denied that anyone had asked for his permission to search the trunk of his car, or that the officer had read him his "Miranda" rights.

 Under the Fourth and Fourteenth Amendments to the United States Constitution, it is well settled that a search conducted without a warrant issued upon probable cause is unreasonable *per se,* subject only to a few specifically established and well-delineated exceptions. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). A prominent and much litigated exception to these warrant requirements is a search conducted pursuant to consent. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *May v. State,* 618 S.W.2d 333 (Tex. Cr.App.1981).

 The burden of proof is upon the prosecution to prove by clear and convincing evidence that the consent was freely and voluntarily given. *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Kolb v. State,* 532 S.W.2d 87 (Tex.Cr.App.1976); *Paprskar v. State,* 484 S.W.2d 731 (Tex.Cr.App.1972), overruled in part, 532 S.W.2d 87 (Tex.Cr. App.1976). "Consent" is not to be confused with peaceful submission to a claim of lawful authority, *Florida v. Royer, supra,* and the burden to prove consent requires the prosecution to show that the consent given was positive and unequivocal, without actual or implied coercion. *Allen v. State,* 487 S.W.2d 120 (Tex.Cr.App.1972); *Bumper v. North Carolina, supra; Amos v. United States,* 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654 (1921); *Paprskar v. State, supra.*

 Whether a consent to search was "voluntary" or a product of duress or coercion, express or implied, is a question of fact to be determined by the court "from the totality of the circumstances." *Schneckloth, supra; Kolb, supra; Paprskar, supra.* And it seems trite but necessary to repeat that vindicated anticipation of what an illegal search may reveal does not validate a search otherwise illegal. *Lustig v. United States,* 338 U.S. 74, 69 S.Ct. 1372, 1374, 93 L.Ed. 1819 (1949).

 The fact that a person is under arrest does not, in and of itself, prevent a free and voluntary consent from being given. *Paprskar, supra; Brown v. State,* 443 S.W.2d 261 (Tex.Cr.App.1969). An examination of this record does not reveal any coercive factors which would tend to indicate consent was not voluntarily given. No testimony was presented that the officers drew their guns while questioning appellant, or exhibited any show of force, *Clemons v. State,* 605 S.W.2d 567 (Tex.Cr.App.

1980), or that the officers threatened appellant in any way, nor did they threaten to get a search warrant if he did not consent. *Lackey v. State,* 638 S.W.2d 439 (Tex.Cr. App.1982). Appellant was not advised that he did not have to consent, but the Court of Criminal Appeals has held that it is not necessary that an officer advise an accused of his right to refuse to consent, for knowledge of such right is not a prerequisite of a "voluntary" consent. *Kolb, supra,* at 90, note 2. Although knowledge of the right to refuse is one factor to be considered in deciding whether consent is voluntary, the State need not establish such knowledge as the *sine qua non* of an effective consent. *Schneckloth, supra.* Finally, no evidence was presented as to the maturity, sophistication, and mental or emotional state of the appellant such that he could not have effectively consented. *Schneckloth, supra.*

 In the instant case, two conflicting versions of the search were before the court, and it was the duty of the trial court, as the trier of fact, to resolve conflicts in the testimony. *Stephenson v. State,* 494 S.W.2d 900 (Tex.Cr.App.1973); *Zepeda v. State,* 638 S.W.2d 542 (Tex.App.—Houston [1st Dist.] 1982, no pet.). The trial judge was in a key position to judge the witness's demeanor at the suppression hearing and it was the judge's prerogative to believe the officer's version of the facts and to disbelieve that of the appellant. *Stephenson, supra; Zepeda, supra; McCallum v. State,* 608 S.W.2d 222 (Tex.Cr.App.1980).

 Appellant also complains that Griffin's partner, Officer Potell, was not called by the State to corroborate Griffin's version. However, Griffin testified that the appellant was in the back seat of the patrol car when Griffin asked him for consent, and at that time Officer Potell "was standing up on the curb at the rear of his car." Thus, there is no reason to believe that Potell even heard the conversation between Griffin and the appellant, and Potell would only have been able to give hearsay testimony about what Officer Griffin had told him. Such testimony would be neither admissible nor probative. Since the trial court did not abuse its discretion in concluding that the appellant did give consent to the search, no error is shown.

The trial court here found that consent to search was given and that it was given voluntarily. There is evidence to support such a finding. Appellant's second ground of error is accordingly overruled.

The judgment of conviction is affirmed.