

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0318-13

---

### JUAN JOSE GUERRA, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### MIDLAND COUNTY

---

JOHNSON, J., delivered the opinion of the Court in which KELLER, P.J., WOMACK, KEASLER, HERVEY, and ALCALÁ, JJ., joined. COCHRAN, J., concurred. MEYERS and PRICE, JJ., dissented.

## O P I N I O N

A jury convicted appellant of the offense of unlawful use of a criminal instrument with the intent to commit the offense of aggravated kidnapping or aggravated sexual assault and assessed punishment of twenty years' confinement. The jury also found that appellant personally used or exhibited a deadly weapon, specifically a firearm, during the commission of the offense. On direct appeal, appellant claimed that the trial court erred when it denied his motions to suppress evidence that was obtained from the initial stop of his vehicle and his subsequent detention. The court of appeals overruled that claim and ultimately affirmed the judgment of the trial court. *Guerra v. State*,

396 S.W.3d 233 (Tex. App.–Eastland 2013). We granted appellant's petition for discretionary review, and we now affirm the judgment of the court of appeals.

## I. Background

During the evening hours of April 28, 2010, while returning from dinner, a husband, who was employed as a federal border-patrol agent, and his wife, who was employed by Immigration and Customs Enforcement (ICE), observed appellant driving slowly and then stopping near the federal facility where the wife worked. There was testimony "that a female agent had recently been followed after she had left the office." *Guerra v. State*, 396 S.W.3d at 238. In part because of that recent event, the couple became suspicious of appellant. A cheer, dance, and gymnastics building was also in the area, and appellant was seen "observing some children in the area of" that building. *Id*. at 237. As the vehicle's suspicious movements continued, the wife got out of their vehicle, walked to the federal facility, and sought the assistance of a federal agent who was working late. That agent, Stone, then got into his own vehicle, activated his emergency lights, and pursued appellant's vehicle after it left a nearby parking lot. *Id*. at 238. Appellant stopped his vehicle when it reached the end of an alley. *Id*. Stone observed the prongs of a stun gun sticking out of appellant's shirt pocket and questioned appellant, who admitted to having a pocket knife and a gun on his person. After Stone took custody of those weapons, he conducted a pat-down search of appellant, and appellant then admitted that he had a second gun in his car. *Id*. at 238.

When Stone looked inside appellant's vehicle and found the second gun, he also saw a group of zip ties, zip ties joined to form a set of plastic handcuffs, a jacket with a holster for concealing a gun and with strips of duct tape stuck on it, and bungee cords attached to cloth padding, which appeared to be gags. He also found a plastic bag that contained personal lubricant, a condom, and

a Viagra-labeled pill bottle. *Id*. at 238-39. Stone called for a Midland police officer because he suspected that a kidnapping, rape, or murder was about to be committed. *Id*. He acknowledged that he was not a Texas peace officer, he had not seen appellant commit either a felony or breach of the peace, and he did not secure a search warrant before searching appellant's vehicle. *Id*.

Appellant filed two pretrial motions to suppress evidence, the first of which was directed at evidence obtained after his initial detention. The trial court granted the first motion as to appellant's statement given to an officer in the back of the police car and a portion of the video recording of appellant's statement given to the same officer at the Midland Police Department. The trial court denied that motion as to all other challenged evidence and statements taken on that day. The second motion to suppress was directed at evidence obtained pursuant to a subsequent search, with a warrant, of appellant's apartment in Big Spring. The trial court denied the motion to suppress evidence seized pursuant to that search warrant.

## II. Court of Appeals Opinion

On direct appeal, appellant asserted that the trial court erred when it denied his motions to suppress evidence obtained from the initial stop of his vehicle and his subsequent detention. He claimed that Stone had no basis for arresting or temporarily detaining him. Appellant argued that Stone was not a peace officer as defined by Texas statutory law, thus his authority to arrest was limited to "the law of this state as to felony offenses only." The state acknowledged that Stone was not a Texas peace officer. *Guerra v. State*, 396 S.W.3d at 242.

Appellant contended that the record did not support a finding that there was a reasonable suspicion that he had engaged in, or soon would be engaging in, criminal activity that constituted a felony under the laws of this state. The stop of his vehicle was not supported by reasonable

suspicion involving a felony, and therefore all evidence obtained as a result of that stop should be suppressed. Appellant also challenged the evidence seized from his apartment pursuant to a search warrant, "the probable cause for which was drawn from the events of the traffic stop." He maintained that, "[b]ut for the illegal stop of his vehicle, the warrant would not have been obtained."

Construing Articles[1] 2.122 and 14.03 together, the court of appeals concluded that Stone, although not a peace officer, had the authority to arrest or temporarily detain appellant if appellant was found in suspicious circumstances that reasonably showed that he was guilty of a felony, or threatened to commit, or was about to commit, a felony. *Id*. After considering the totality of the circumstances surrounding the incident and the trial court's extensive fact findings–which appellant did not specifically challenge–the court of appeals concluded that the evidence constituted a sufficient basis for Stone to form a reasonable belief that appellant was found in suspicious circumstances that showed he was threatening or about to commit a felony offense. *Id*. at 242-43. Thus, the court of appeals held that Stone had the authority to arrest or temporarily detain appellant and overruled appellant's point of error. *Id*. at 243.

### III. Appellant's Ground for Review

We granted appellant's sole ground for review, which asserts that the court of appeals erred in upholding the trial court's denial of appellant's suppression motion when it held that Articles 2.122 and 14.03 can be construed together, in direct contravention of the statutory language "shall not be deemed peace officers," thus allowing Stone to stop and detain appellant. Thus, we are called upon to review the court of appeals's decision that Stone, a federal agent and not a Texas peace officer, was authorized to temporarily detain or arrest appellant.

---

[1] Unless otherwise noted, all references to articles are to the Texas Code of Criminal Procedure.

Appellant asserts Article 14.03 applies only to arrests and that neither Article 2.122 or Article 14.03, even construed together, allow a federal agent to stop and detain him; neither provision authorizes a federal agent to detain a citizen, rather, "a federal agent only has the power to arrest if there is probable cause, which the State concedes was lacking here."[2] He also asserts that, even if Article 2.122 permits a detention, Stone did not have reasonable suspicion to detain him.

The state asserts that the court of appeals correctly ruled that the trial court did not abuse its discretion by denying appellant's suppression motions. It argues that a special investigator, as defined under Article 2.122, shall have the powers of arrest, search, and seizure under state law as to felonies and that Stone, a special agent for the United States Immigration and Customs Enforcement, i.e., a special investigator, had authority pursuant to Article 2.122 to stop and detain appellant for an investigation and that reasonable suspicion existed for the detention.

### IV. Argument

Appellant asserts that his detention was not authorized under Article 14.03, which gives peace officers authority to "arrest" citizens, not to "detain" them. He contends that nothing in the language of that statute supports his temporary detention, nor does it support an arrest based on a finding of less than probable cause. He contends that there is no finding or argument that probable cause existed for Stone to arrest him.[3] Appellant points out that, at the suppression hearing, Stone admitted that appellant had not committed a felony in his presence and that Stone is not a peace officer as defined by Texas law–Article 2.122 specifically excludes United States Immigrations and Customs Enforcement Officers from that category–and that the language of the statute is clear and

---

[2] We note that the issue here is reasonable suspicion to detain, not probable cause to arrest.

[3] We note that Stone only detained appellant; he called a Midland police officer to arrest him.

unambiguous. Thus, courts should apply the plain meaning of its words. Appellant asserts that Article 2.122 did not authorize the temporary detention of appellant by Stone, and that even if it did, Stone lacked reasonable suspicion to stop and detain him.

Appellant asserts that he was harmed by the trial court's denial of his suppression motions because the evidence that was obtained constitutes fruit of the poisonous tree, the use of which is forbidden. He notes that the doctrine of fruit of the poisonous tree serves to exclude both direct and indirect products of Fourth Amendment violations. He reasons that, "[b]ut for the illegal stop of his vehicle, the warrant would not have been obtained." Appellant's brief at 12-13. He contends that there is no evidence against him except for that derived from the improper stop of his vehicle and the resulting search under warrant, and therefore it cannot be determined beyond a reasonable doubt that the trial court's ruling on his suppression motions did not contribute to his conviction or punishment.

The state recognizes that Article 2.12's definition of "peace officers" does not include criminal investigators employed by the United States. It also acknowledges that such criminal investigators include special agents of the United States Immigration and Customs Enforcement and that they are not deemed peace officers, "but shall have the powers of arrest, search and seizure as to felony offenses only under the laws of the State of Texas." TEX. CODE CRIM. PROC., art. 2.122(a)(3) (West 2010). The state also notes,

> Accordingly, the Special Investigators have the duties, powers and limitations of peace officers. It stands to reason that a Special Investigator shall not have unfettered authority of arrest, search and seizure with regard to a felony offense. But will have to play by the same rules and operate with the same authority as a peace officer according to State law.

State's brief at 19-20.

The state argues that a stop or detention is a lesser intrusion than an arrest, and that the state need not demonstrate that probable cause to arrest existed at the inception of a detention. It also notes that circumstances short of probable cause for arrest may justify temporary detention for purposes of investigation. The state also asserts that, according to state law, a criminal investigator operates with the same authority as a peace officer in regard to a felony and has the powers accorded to a Texas peace officer to arrest without warrant as set forth in Article 14.03(a), which includes the right to arrest persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony, breach of the peace, disorderly conduct and intoxication offenses, or threaten, or are about, to commit some offense against the laws. It contends that, as construed together, Articles 2.122 and 14.03 provide the authority to arrest or temporarily detain appellant if he was found in suspicious circumstances that reasonably showed he was guilty of some felony or threatened, or was about, to commit some felony. The facts known to Stone prior to the stop and detention justified such stop and detention.

## V. Analysis

Appellant's sole ground for review challenges the court of appeals's decision construing Articles 2.122 and 14.03 together and its conclusion that Stone "would have had the authority under these provisions to arrest or temporarily detain [appellant] if he were found in suspicious circumstances that reasonably showed that he was guilty of some felony or threatened to or was about to commit some felony." *Guerra*, 396 S.W.3d at 242.

At the time of appellant's April 2010 detention by Stone, the relevant portions of Article 2.122 read:

Special investigators

(a) The following named criminal investigators of the United States shall not be deemed peace officers, but shall have the powers of arrest, search and seizure as to felony offenses only under the laws of the State of Texas:

* * *

(3) Special Agents of the United States Immigration and Customs Enforcement[.]

TEX. CODE CRIM. PROC., art. 2.122(a)(3) (West 2010).

In the context of interrogations, in *Mosley v. State*, 983 S.W.2d 249, 257 (Tex. Crim. App. 1998), we discussed the language of Article 2.122 and made a determination of its limitations:

> While the statute contains the word "only" after the phrase "shall have the powers of arrest, search and seizure as to felony offenses," the word "only" clearly modifies "felony offenses," indicating that federal officers do not have the powers of arrest, search, and seizure for misdemeanors.

Thus, the designated federal officers, even though not deemed peace officers, have the powers of arrest, search, and seizure as to felony, as opposed to misdemeanor, offenses. We hold that Stone, as such a federal officer, was not deemed a peace officer, but did "have the powers of arrest, search and seizure" as to felony offenses "under the laws of the State of Texas."

Article 14.03 authorizes peace officers to make arrests without warrant. But as acknowledged by the state, Stone was not a Texas peace officer, thus the provisions of Article 14.03 do not apply to his actions, and he was constrained only by the provisions of Article 2.122.[4] Further, Stone did not arrest appellant, he merely detained him, which he is authorized to do under Article 2.122.

Article I, Section 9, of the Texas Constitution, along with the Fourth Amendment to the

---

[4] We also observe that the Evading Arrest or Detention statute, Tex. Penal Code § 38.04(a), provides, in the circumstances presented in this case, that a person commits a Class A misdemeanor offense if he intentionally flees from a person he knows to be "a peace officer or federal special investigator" attempting to lawfully arrest or detain him.

United States Constitution, protects individuals from unreasonable searches and seizures. *State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013). Article 1.06 of the Code of Criminal Procedure provides that the people shall be secure from all unreasonable seizures or searches. Thus, under Texas law, searches and seizures must be reasonable.

Appellant asserts that Stone lacked reasonable suspicion to stop and detain him. "A law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further." *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013), *quoting Hiibel v. Sixth Judicial District Court*, 542 U.S. 177, 185 (2004). "An officer must have reasonable suspicion that some crime was, or is about to be, committed before he may make a traffic stop." *State v. Duran*, 396 S.W.3d 563, 568 (Tex. Crim. App. 2013), *citing Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). Thus a traffic stop based upon a reasonable suspicion that some crime was, or is about to be, committed does not violate Texas law.

Reasonable suspicion that a felony offense under Texas law was, or was about to be, committed would authorize Stone to conduct a traffic stop of appellant. "The detaining officer need not personally be aware of every fact that objectively supports a reasonable suspicion to detain; the cumulative information known to the cooperating officers at the time of the stop is to be considered in making the reasonable-suspicion determination." *Arguellez v. State*, 409 S.W.3d 657, 663 (Tex. Crim. App. 2013), *citing Derichsweiler v. State*, 348 S.W.3d at 914.

The record and the trial court's findings of fact confirm that such a reasonable suspicion existed at the time Stone stopped appellant and reveal that, at the time of the stop, the following information was known to Stone.

During the evening hours, appellant was slowly driving a light-colored Toyota Camry, in an area with closed businesses, and appellant, the sole occupant of that vehicle, was looking at children who were outside in the area;

Appellant subsequently parked his vehicle in a parking lot next to the Immigration and Customs Enforcement parking lot, facing and illuminating the area where the husband and wife officers were;

A female employee at that ICE facility had been followed home;

The vehicle was registered to a man in Big Spring;

ICE was investigating a drug-trafficking organization that was distributing narcotics to people in Big Spring, and one of the individuals involved in a transfer of narcotics was observed in a light-colored Toyota Camry;

Stone, as an ICE employee, had received copies of notices addressed to local law enforcement that advised of the potential danger of gang activity;

ICE had received an alert from a border-intelligence center recommending that all suspicious individuals/vehicles near government facilities be reported and warning of an uncorroborated threat of retaliation again law-enforcement officers.

Reasonable suspicion is determined by considering the totality of the circumstances. *Delafuente v. State*, 414 S.W.3d 173, 177 (Tex. Crim. App. 2013). Considering the totality of the circumstances includes consideration of specific, articulable facts and reasonable inferences from those facts. *Id.* at 178. We conclude that facts known to Stone provided a reasonable suspicion sufficient to justify his initial stop and temporary detention of appellant.[5] It is not necessary that the

---

[5] The two cases cited by appellant, *Comer v. State*, 754 S.W.2d 656 (Tex. Crim. App. 1986) and *Tunnell v. State*, 554 S.W.2d 697 (Tex. Crim. App. 1977), in which we held that there was an insufficient basis for an investigatory stop in each case, are not determinative because their specific facts make them distinguishable from this case. Reasonable suspicion is determined based upon the specific facts of each specific case, and the activities observed by officers in those cases differed from the facts of this case.

In *Comer*, officers observed two men sitting in a vehicle in a restaurant's parking lot with the dome light on and engaging in some activity concentrated on the seat between them, but upon the officers entering the parking lot, the vehicle began to pull away. We held that the officers had insufficient reasonable suspicion to justify the subsequent investigatory stop of the vehicle which was not justified by the facts therein. *Comer*, 754 S.W.2d at 657-58. And in *Tunnell*, an officer saw three men in a vehicle parked in a hospital parking lot in the early morning hours, but who drove away as the officer drove into the parking lot. Based upon the surrounding facts, we held the investigative detention was unreasonable and in violation of the law. *Tunnell*, 554 S.W.2d at 698-99.

reasonable suspicion relate to a specific criminal offense. *Derichsweiler*, 348 S.W.3d at 916-17. Facts known to Stone raised a potential for drug activity or criminal acts against children or law enforcement–felony offenses under Texas law–thus Stone, as a special investigator, had the powers of arrest, search, and seizure as to such felony offenses.

## VI. Conclusion

We conclude that, based upon Article 2.122's statutory investment of designated federal investigators with the power of arrest, search, and seizure in regard to felonies, Stone was authorized to stop and temporarily detain appellant. Based on our review of the evidence, Stone's stop and detention of appellant was lawful, and the court of appeals properly affirmed the trial court's denial of appellant's suppression motions. Accordingly, we overrule appellant's ground for review and affirm the judgment of the court of appeals.

Delivered: June 18, 2014
Publish