# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00079-CR

---

**Michael Ray Durst, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 119TH DISTRICT COURT OF TOM GREEN COUNTY
### NO. B-17-0368-SA, THE HONORABLE BEN WOODWARD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Michael Ray Durst pleaded guilty to the state jail felony of possession of a controlled substance, methamphetamine, in an amount of less than one gram, *see* Tex. Health & Safety Code § 481.115(b), and the district court rendered a judgment of conviction sentencing him to 540 days' confinement with the Texas Department of Criminal Justice.  Durst now challenges the judgment of conviction, arguing that the district court abused its discretion in denying his motion to suppress the evidence of possession.  We will affirm.

# BACKGROUND

The material facts are not in dispute. On the morning of February 21, 2017, Officer Christopher Schneider[1] was on patrol with the San Angelo Police Department when he noticed a vehicle with what he subsequently described as a "blurred" license plate. He attempted to run the license plate through the Department of Public Safety's database but was unable to obtain any results. He then pulled over the vehicle, which was driven by Durst, who claimed not to have his driver's license with him at the time. Durst orally identified himself to Schneider, and Schneider contacted dispatch for additional information. Dispatch informed Schneider that Durst was driving on an invalid license and had prior convictions for driving on an invalid license. Schneider placed Durst under arrest.

During the arrest, Schneider removed Durst from the vehicle and searched his person. Schneider discovered four plastic bags in Durst's pockets. Two of those bags contained what Schneider described as a "crystal-like substance." Schneider called dispatch and asked for a supervisor to respond and test the substance. The test revealed the crystal-like substance to be methamphetamine. Durst was then taken into custody, and a Tom Green County grand jury subsequently returned an indictment charging Durst with possession of a controlled substance in an amount of less than one gram.

Durst filed a motion to suppress the evidence obtained during the search of his person, arguing that Schneider had no reasonable suspicion for the traffic stop. The State filed a

---

[1] Durst's brief consistently refers to the arresting officer as "Officer Brown." We will assume Durst intends to refer to Officer Schneider, as we find no evidence of an "Officer Brown" in the record and it is uncontroverted that Schneider stopped Durst and made the arrest.

response in opposition, and the district court held a hearing and then denied the motion. Durst requested findings of fact and conclusions of law, which the district court subsequently entered.

As relevant here, the district court found:[2]

3. While on patrol, Officer Schneider noticed a vehicle on South Madison Street. The license plate of the vehicle was not entirely legible and Officer Schneider could not read all of the letters and numbers on the plate. Officer Schneider ran the license plate two times seeking information for the registration associated with the license plate, but because Officer Schneider could not accurately read a letter on the plate, he did not receive a "return" that provided information about the vehicle.

4. Officer Schneider initiated a traffic stop because the vehicle had an obscured license plate.

7. Officer Schneider was the only witness at the hearing on the Motion to Suppress. His testimony was straight-forward and credible.

And as relevant here, the district court drew the following conclusions of law:

1. A person commits an offense if he attaches to a motor vehicle a license plate that has blurring or reflective matter that significantly impairs the readability of the name of the state in which the vehicle is registered or the letters or numbers of the license plate number at any time [Tx. Transp. Code §504.945(a)(5)]; or a plate that has a coating, protective substance, or other material that alters or obscures the letters or numbers of the license plate number or the color of the plate [Tx. Transp Code §504.945(a)(7)(C)].

2. An objectively reasonable police officer would have viewed Defendant's license plate as having been obscured to a degree that it violated the above statute. *Martinez v. State*, 500 S.W.3d 456, 466 (Tex. App. Beaumont 2016, pet. ref'd).

Durst then waived his right to a jury trial, signed a stipulation of evidence, and entered a guilty plea. After reviewing the record and hearing the evidence, the district court accepted Durst's plea and sentenced him to confinement with the Texas Department of Criminal

---

[2] The findings and conclusions, including supporting citations, are set forth and punctuated as they appear in the record.

3

Justice for 540 days. Durst filed a motion for new trial, which was denied by operation of law. Durst then timely perfected this appeal, arguing in a sole issue that the district court abused its discretion by denying the motion to suppress.

## STANDARD OF REVIEW

"We review a ruling on a motion to suppress using a bifurcated standard of review." *Sims v. State*, 569 S.W.3d 634, 640 (Tex. Crim. App. 2019), *cert. denied* 139 S. Ct. 2749 (2019) (citing *Guzman v. State*, 955 S.W.2d 85, 87–91 (Tex. Crim. App. 1997)). "A trial court's findings of historical fact and determinations of mixed questions of law and fact that turn on credibility and demeanor are afforded almost total deference if they are reasonably supported by the record." *Id*. "We review a trial court's determination of legal questions and its application of the law to facts that do not turn upon a determination of witness credibility and demeanor de novo." *State v. Duran*, 396 S.W.3d 563, 570 (Tex. Crim. App. 2013).

We view the evidence in the light most favorable to the trial court's ruling, *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014), which we will sustain if it is correct on any applicable theory of law reasonably supported by the record, *State v. Ruiz*, 581 S.W.3d 782, 785 (Tex. Crim. App. 2019). "As the prevailing party at the trial level, appellee gains the benefit of deference on factual findings made in [its] favor." *State v. Ford*, 537 S.W.3d 19, 23 (Tex. Crim. App. 2017) (citing *State v. Krizan-Wilson*, 354 S.W.3d 808, 815–16 (Tex. Crim. App. 2011)); *see Duran*, 396 S.W.3d at 571 ("The winning side is afforded the 'strongest legitimate view of the evidence' as well as all reasonable inferences that can be derived from it." (quoting *State v. Weaver*, 349 S.W.3d 521, 525 (Tex. Crim. App. 2011))). However, whether the facts, as determined by the trial court, add up to reasonable suspicion or probable cause to support a

search or seizure under the Fourth Amendment is a legal question to be reviewed de novo. *See Ford*, 537 S.W.3d at 23; *Byram v. State*, 510 S.W.3d 918, 923 (Tex. Crim. App. 2017); *Duran*, 396 S.W.3d at 571; *Weaver*, 349 S.W.3d at 525; *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).

## DISCUSSION

Durst contends the district court should have granted his motion to suppress because Officer Schneider had no reasonable suspicion for the stop. "When a police officer stops a defendant without a warrant, the State has the burden of proving the reasonableness of the stop at a suppression hearing." *State v. Cortez*, 543 S.W.3d 198, 204 (Tex. Crim. App. 2018). "An officer may make a warrantless traffic stop if the 'reasonable suspicion' standard is satisfied." *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015) (citing *Guerra v. State*, 432 S.W.3d 905, 911 (Tex. Crim. App. 2014)). "Reasonable suspicion exists if the officer has 'specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity.'" *Id*. (quoting *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013)). "The standard requires only 'some minimal level of objective justification' for the stop." *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012) (quoting *Foster v. State*, 326 S.W.3d 609, 614 (Tex. Crim. App. 2010)). "We review a reasonable suspicion determination by considering the totality of the circumstances." *Cortez*, 543 S.W.3d at 204.

On this record, the district court did not abuse its discretion in denying the motion to suppress. At the hearing, Schneider offered his uncontroverted testimony as to his reasons for stopping Durst:

5

> I was patrolling in my—my normal duty area at that time, and I just happened to get behind this vehicle traveling northbound on the 300 block of South Madison. And as I approached the rear of the vehicle, I attempted to run the license plate. I tried a couple of times, and I was unable to get a good return due to not being able to read the license plate, so I performed a traffic stop.

When asked why he could not make out the numbers on the plate, he explained, "It was blurred." He continued, "One of the numbers was badly scratched up and I couldn't read it." And when asked why he had attempted to run the license plate in the first place, he explained that his supervisor had asked the officers to "patrol the area a little more actively" due to "a lot of burglaries and stuff in that area and so [he] was actively looking for anything out of the ordinary." In support of Schneider's testimony, the State admitted into evidence a photograph of Durst's license plate, which reveals that one character, located directly behind a trailer hitch, is difficult or impossible to discern. This evidence supports the district court's finding that Schneider could reasonably have suspected that Durst had committed a violation of the Transportation Code. *See* Tex. Transp. Code § 504.945(a)(5) (prohibiting display of certain illegible license plates); *Wright v. State*, No. 07-17-00278-CR, 2018 WL 6072243, at *1, *3 (Tex. App.—Amarillo Nov. 20, 2018, no pet.) (mem. op., not designated for publication) (holding there was no abuse of discretion in trial court's finding of reasonable suspicion for traffic stop where undisputed testimony indicated that license plate was "bent, such that the trooper was unable to read it").

Durst, however, denies that he violated the pertinent section of code by driving with the damaged plate. The relevant section of code provides, "A person commits an offense if the person attaches to or displays on a motor vehicle a license plate that . . . has blurring or reflective matter that significantly impairs the readability of the name of the state in which the

6

vehicle is registered or the letters or numbers of the license plate number at any time." *See* Tex. Transp. Code § 504.945(a)(5). Durst maintained to the trial court that "nothing in that statute talks about scratched up" or "damaged" plates or "nothing of that nature," and emphasized that the section only prohibits "reflective" types of blurring. He further argued that "probably the agricultural lobby in this state made sure that banging up the license plate with a trailer tongue isn't going to get you a traffic ticket because it happens all the time." We need not decide whether Durst in fact violated section 504.945 of the Transportation Code because, on this record, Schneider had reasonable suspicion for the stop. *See Wright*, 2018 WL 6072243, at *2 ("However, the State was not required to prove that an actual violation of the statute had occurred to justify the trooper's decision to stop the car to investigate whether a violation had in fact occurred." (citing *Martinez*, 500 S.W.3d at 466)).

Finally, Durst contends that Schneider should have used a "le[sser] intrusive means . . . to verify or dispel the suspicion that led to the stop." *See Florida v. Royer*, 460 U.S. 491, 500 (1983) ("[T]he investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." (citations omitted)); *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997) ("[A] detention that is not temporary and reasonably related in scope to the circumstances which justified the interference, is unreasonable and, thus, violative of the Fourth Amendment."). We understand Durst to be arguing that Schneider should have used an alternate means of identifying and running the license plate number. For example, Durst contends that the license plate was legible at close range and thus that Schneider should have examined the plate on foot to determine the obscured digit and then "return[ed] to his vehicle once he was close enough to the license plate to read the number 8." Durst also suggests Schneider could have "driven around [Durst's] car"

7

to examine the front license plate. Viewing the record in the light most favorable to the district court's ruling, as we must, *see Story*, 445 S.W.3d at 732, we conclude that none of these arguments is supported by the evidence presented to the district court at the suppression hearing. To the contrary, the only exhibit admitted at the hearing reveals that the plate is illegible even at close range, and the trial court found that Schneider's uncontroverted testimony that he could not make out the plate was "straight-forward" and "credible." We therefore reject Durst's arguments regarding a lesser-intrusive means of allaying his suspicion.

Having rejected Durst's arguments, we overrule his sole issue on appeal.

## CONCLUSION

For the reasons stated herein, we affirm the judgment of conviction.

_____
Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed: January 21, 2021

Do Not Publish