PD-0046-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/11/2015 11:10:32 AM
Accepted 2/12/2015 9:00:44 AM
ABEL ACOSTA
CLERK

NO. PD-0046-15

## IN THE TEXAS COURT OF CRIMINAL APPEALS

DONALD WESTON KING,
Petitioner/Appellant

VS.

THE STATE OF TEXAS,
Respondent/Appellee

PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRD COURT OF APPEALS CAUSE NO. 03-14-00021-CR;
AN APPEAL FROM THE COUNTY COURT AT LAW NO. 1
HAYS COUNTY, TEXAS
TRIAL COURT CAUSE NO. 101401

**STATE'S REPLY TO PETITION FOR DISCRETIONARY REVIEW**

ORAL ARGUMENT IS
NOT REQUESTED

Jennifer Stalbaum
Hays County Criminal District Attorney
712 S. Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
Ph: (512) 393-7600 / Fax: (512) 393-2246
State Bar No. 24079383
jennifer.stalbaum@co.hays.tx.us
Attorney for the State of Texas

FILED IN
COURT OF CRIMINAL APPEALS

February 12, 2015

ABEL ACOSTA, CLERK

## IDENTIFICATION OF PARTIES

| | |
|---|---|
| Appellee: | State of Texas |

Attorneys for the State:
    At trial: David Levingston, Hays County Asst. District Attorney
    On appeal: Jennifer Stalbaum
Asst. Criminal District Attorney
Hays County Criminal District Attorney
712 S. Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
State Bar No. 24079383

Petitioner: Donald Weston King

Attorney for Petitioner:
    At trial: Billy McNabb
144 E. San Antonio St.
San Marcos, TX 78666

    On appeal: Kevin Fine
P.O. Box 312
Boerne, Texas 78006
State Bar No.00790682
512-593-1383/Hill Country
713-299-192/Houston
1-888-803-8721/Efax
kfine@kevinfinelaw.com

Billy McNabb
144 E. San Antonio St.
San Marcos, TX 78666

    Judge Honorable Robert Updegrove
Hays County Court at Law No. 1
712 Stagecoach Trail, Suite 2292
San Marcos, Texas 78666

i

# TABLE OF CONTENTS

IDENTIFICATION OF PARTIES ............................................................................................... i

TABLE OF CONTENTS ........................................................................................................ ii

INDEX OF AUTHORITIES .................................................................................................. iii

STATEMENT REGARDING ORAL ARGUMENT ............................................................ 2

STATEMENT OF THE CASE ............................................................................................... 2

STATEMENT OF PROCEDURAL HISTORY .................................................................... 2

GROUND FOR REVIEW ....................................................................................................... 3

> *De novo* review is an improper standard when the court is presented with a
> mixed question of law and fact that turns on the evaluation of credibility and
> demeanor. Here, the appellate court properly gave almost total deference to the
> trial court's inferences when presented with conflicting evidence that turned on
> the evaluation of credibility and demeanor. Did the court err by not using the
> *de novo* standard?

ARGUMENT ............................................................................................................................ 3

    A.    DE NOVO REVIEW IS NOT PROPER WHEN THERE IS CONFLICTING
    EVIDENCE THAT TURNS ON THE EVALUATION OF CREDIBILITY AND
    DEMEANOR. ....................................................................................................... 4

    B.    THIS COURT SHOULD DENY THE PETITION FOR DISCRETIONARY
    REVIEW BECAUSE THIS ISSUE IS SETTLED BY WELL-ESTABLISHED PRECEDENT. ........ 5

    C.    THERE IS NO CONFLICT WITH THE THIRD COURT OF APPEALS'
    OPINION AND OTHER APPLICABLE CASES. ........................................................ 7

CONCLUSION ........................................................................................................................ 7

CERTIFICATE OF COMPLIANCE WITH TEXAS RULES OF
APPELLATE PROCEDURE, RULE 9.4 ............................................................................. 9

CERTIFICATE OF SERVICE ............................................................................................. 9

APPENDIX ............................................................................................................................... A

# INDEX OF AUTHORITIES

## STATE CASES

*Abney v. State*, 394 S.W.3d 542 (Tex. Crim. App. 2013). ..............................................7

*Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 2011). .....................................4

*King v. State*, No. 03-14-00021-CR, 2014 WL 6233969, *6 (Tex.
    App.—Austin Nov. 14, 2014) ..............................................................................5

*Loserth v. State*, 963 S.W.2d 770 (Tex. Crim. App. 1998). .........................................7

*State v. Ross*, 32 S.W.3d. 853 (Tex. Crim. App. 2000) .....................................3, 4, 5, 6

NO. PD-0046-15

IN THE TEXAS COURT OF CRIMINAL APPEALS

---

DONALD WESTON KING
Petitioner/Appellant

VS.

THE STATE OF TEXAS,
Respondent/Appellee

---

PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRD COURT OF APPEALS CAUSE NO. 03-14-00021-CR;
AN APPEAL FROM THE COUNTY COURT AT LAW NO. 1
HAYS COUNTY, TEXAS
TRIAL COURT CAUSE NO. 101401

---

**STATE'S REPLY TO PETITION FOR DISCRETIONARY REVIEW**

---

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW the State of Texas, by and through her Assistant District Attorney, Jennifer Stalbaum, and files this Response to Petitioner's Petition for Discretionary Review pursuant to Texas Rules of Appellate Procedure, Rule 68.9 and would show the Court the following:

1

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument. Oral arguments would not aid the Court in the decisional process. No conflict exits between the Third Court of Appeals' opinion and existing case law.

## STATEMENT OF THE CASE

On November 17, 2011, petitioner was charged by information with the offense of driving while intoxicated enhanced with one prior driving while intoxicated conviction.[1] Petitioner filed a Motion to Suppress alleging that the initial traffic stop was unlawful.[2] On February 1, 2013, the trial court entered an order denying the motion.[3] On December 12, 2013, petitioner entered a plea of *nolo contendre* and, pursuant to a plea bargain agreement, was sentenced to one year confinement in the Hays County Jail, suspended for 18 months, and fined $800.00.[4] Petitioner reserved his right to appeal matters raised and ruled upon before the trail.[5]

## STATEMENT OF PROCEDURAL HISTORY

Petitioner filed a Notice of Appeal on December 13, 2013.[6] The Third Court of Appeals affirmed the trial court's judgment on November 14, 2014. The State

---

[1] CR 8.
[2] CR 10.
[3] CR 12.
[4] CR 22-24.
[5] CR 23.
[6] CR 25-26.

2

received notice that a Motion for *En Banc* Reconsideration was filed. The Third Court of Appeals overruled Petitioner's Motion for *En Banc* Reconsideration on December 11, 2014.

## GROUND FOR REVIEW

*De novo* review is an improper standard when the court is presented with a mixed question of law and fact that turns on the evaluation of credibility and demeanor. Here, the appellate court properly gave almost total deference to the trial court's inferences when presented with conflicting evidence that turned on the evaluation of credibility and demeanor. Did the court err by not using the *de novo* standard?

## ARGUMENT

Petitioner urges discretionary review of the Third Court of Appeals' opinion, complaining that the court did not apply the proper standard of review because the facts are not in dispute and credibility was not in issue.[7] Petitioner argues that the court should have used a *de novo* standard.[8] *De novo* is improper under *Ross,* when conflicting evidence exists.[9] Here, conflict exists between Corporal Tommy Villanueva's testimony and his hand drawn picture entered into evidence.[10] His drawing does not specifically indicate the number of lanes or direction of travel.[11] He held his drawing up to the court while testifying about the roadway and the petitioner's turns, placing the trial court in the best position to evaluate and weigh the evidence.[12] Corporal

---

[7] Petition for Discretionary Review at 4-6.
[8] Petition for Discretionary Review at 3.
[9] *State v. Ross*, 32 S.W.3d. 853 (Tex. Crim. App. 2000) (en banc).
[10] 3 RR 3.
[11] 3 RR 3.
[12] 2 RR 9.

3

Villanueva described the roadway as having four lanes: two outbound lanes and two inbound lanes.[13] He observed the petitioner failing to maintain a single lane and making several "immediate" turns in the middle of an intersection, which he called an "illegal U-turn."[14]

### A. *DE NOVO* REVIEW IS NOT PROPER WHEN THERE IS CONFLICTING EVIDENCE THAT TURNS ON THE EVALUATION OF CREDIBILITY AND DEMEANOR.

The trial court was in the best position to determine if Corporal Villanueva's testimony was believable, to reconcile any conflict between the drawing and the testimony, and to evaluate the witness' demeanor while testifying. *De novo* review would have been error under *Ross* since there was conflicting evidence that the trial court had to reconcile.

A bifurcated standard of review is not applicable in every motion to suppress.[15] The standard of review is abuse of discretion where the application of law to fact questions turn on the evaluation of credibility and demeanor.[16] *Ross* explains that a mixed question of law and fact turns on credibility and demeanor when the trial court

---

[13] 2 RR 9.

[14] 2 RR 8, 2 RR 9.

[15] *See Ross*, at 856 (stating that "almost total deference" is given to a trial court's express or implied determination of historical facts and a *de novo* review is given to a trial court's application of the law to those facts. However, "not every probably cause case will be reviewed under the bifurcated standard.").

[16] *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 2011).

4

evaluates which evidence or testimony deserves more weight.[17] Here, the trial court had to determine if the testimony or the drawing deserved more weight.

Furthermore, no findings of facts or conclusions of law were requested or entered in this case. Thus, the trial court is presumed to have made implicit findings of facts and conclusions of law that support its ruling.[18] Reading an impersonal record with no supporting findings of facts or conclusions of law deprives the reader of knowing which evidence the trial court used in making its decision. Here, the Third Court of Appeals did not know which evidence the trial court found credible, so it viewed the evidence in the light most favorable to the trial court's ruling. Thus, no reviewable issues exist.

### B. THIS COURT SHOULD DENY THE PETITION FOR DISCRETIONARY REVIEW BECAUSE THIS ISSUE IS SETTLED BY WELL-ESTABLISHED PRECEDENT.

Ross controls the issue here and provides that *de novo* standard is improper.[19] The dissent in the court below ignores *Ross'* binding precedent. The dissent highlights conflicts in evidence and confusion of testimony, yet suggests that the appropriate standard of review is *de novo*.[20] The dissent argues that the drawing

---

[17] *See Ross,* at 857.

[18] *See id.* at 855 (stating that when a trail court does not enter findings of facts or conclusions of law it is assumed to have made implicit findings of fact that support its ruling as long as the ruling is supported by the record).

[19] *See id.* at 857.

[20] *King v. State,* No. 03-14-00021-CR, 2014 WL 6233969, *6 (Tex. App.—Austin Nov. 14, 2014) (mem. op., not designated for publication).

depicts something different from Corporal Villanueva's testimony in regards to the direction of a turn.[21] It disagrees that enough facts exist for the trial court to make a decision, and it states that Corporal Villanueva's testimony was confusing.[22] Furthermore, the dissent provides that since the accreditation of the officer is not disputed, no issue of credibility exists and the court must use a *de novo* standard of review.[23]

Under *Ross*, when there is conflicting evidence, as we have here, the trial court is given almost total deference because it had to weigh evidence and determine credibility and demeanor.[24] The credibility issue is not merely focused on the fact that Corporal Villanueva had the requisite accreditation or experience; the focus is on the credibility of the evidence he presented. Thus, *de novo* review is not the appropriate standard when there is conflicting evidence presented to the trial court. The Third Court of Appeals followed this Court's precedent. Therefore, this Honorable Court should refuse to grant Petitioner's request for Discretionary Review.

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *See Ross*, at 855-56.

## C. THERE IS NO CONFLICT WITH THE THIRD COURT OF APPEALS' OPINION AND OTHER APPLICABLE CASES.

Petitioner points this court to *Loserth*,[25] and *Abney*[26] as being in conflict with the Third Court of Appeals' decision to apply an abuse discretion standard.[27] In *Abney*, the court used a *de novo* standard because there was not a factual dispute.[28] In *Loserth*, the Court found that while there was a mixed question of law and fact, it did not turn on an evaluation of credibility and demeanor because the issue was whether eye-witness identification was tainted.[29] Here, there are factual disputes and conflicting evidence, so *Abney* and *Loserth* are inapplicable. Thus, no reviewable issues exist.

## CONCLUSION

Since there was conflicting evidence in this case which turned on the evaluation of credibility and demeanor, the Third Court of Appeals did not err in using the abuse of discretion standard. No reviewable issues exist.

## PRAYER

The State prays that the Court refuse Petitioner's Petition for Discretionary Review.

---

[25] *Loserth v. State*, 963 S.W.2d 770 (Tex. Crim. App. 1998).
[26] *Abney v. State*, 394 S.W.3d 542 (Tex. Crim. App. 2013).
[27] Petition for Discretionary Review at 3-4.
[28] *See Abney*, at 548.
[29] *See Loserth*, at 773.

7

Respectfully submitted,

By: _____

Jennifer Stalbaum
Asst. District Attorney
Hays County Government Center
712 South Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
jennifer.stalbaum@co.hays.tx.us
San Marcos, Texas, 78666
Telephone: 512-393-7600
Facsimile: 512-393-2065
**Counsel for the State of Texas**

8

## CERTIFICATE OF COMPLIANCE WITH TEXAS RULES OF APPELLATE PROCEDURE, RULE 9.4

I certify that this brief contains 1,061 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

_____
Jennifer Stalbaum
Asst. Criminal District Attorney

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing brief has been e-delivered to:

Kevin Fine
P.O. Box 312
Boerne, Texas 78006
State Bar No.00790682
512-593-1383/Hill Country
713-299-192/Houston
1-888-803-8721/Efax
kfine@kevinfinelaw.com

on this the ____11____ day of February, 2015.

_____
Jennifer Stalbaum
Asst. Criminal District Attorney

9

# APPENDIX

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00021-CR

### Donald Weston King, Appellant

v.

### The State of Texas, Appellee

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 101401, HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING

---

## MEMORANDUM OPINION

Appellant Donald Weston King was arrested for driving while intoxicated. After the trial court denied his motion to suppress evidence, King pleaded nolo contendere, and the trial court sentenced him in accordance with a plea agreement. On appeal, King challenges the denial of his motion to suppress. For the reasons that follow, we affirm.

## BACKGROUND

King was charged by information with the offense of driving while intoxicated on October 7, 2011, enhanced with one prior driving while intoxicated conviction. In the trial court, King moved to suppress evidence from the traffic stop that resulted in his detention and arrest.

The suppression hearing was held on January 29, 2013. The arresting officer who had been with the San Marcos Police Department for 15 years was the only witness to testify. He testified that he was working the midnight shift when he observed the vehicle King was driving

"failing to maintain a single lane" and make "an illegal U-turn." The vehicle "was traveling southbound on Hunter Road towards Wonder World" in San Marcos, Texas. After the officer observed the vehicle "failing to maintain a single lane," the driver of the vehicle "made a right onto Wonder World and immediately did a U-turn on Wonder World back onto Hunter to continue driving southbound on Hunter." The officer further explained the vehicle's movement through the intersection as follows:

> As soon as he made a right onto Wonder World—I guess I'll have it up to you so you can see—he made the right right there, and I believe it's a two-lane outbound and two-lane inbound, so four way—or a four lane road. He was on the right-hand side, and I guess he figured out he was going the wrong way. I don't know. He just immediately swung around to the left back into the—into the right-hand lanes and then immediately went to the right onto Hunter as well.

The officer referred to a map that he had hand drawn the morning of the hearing that depicted the intersection and King's movements through the intersection. The map was admitted as an exhibit. The officer initiated the traffic stop after the vehicle cleared the intersection. The officer explained: "I slowed behind him not knowing—thinking he was going to go straight on Wonder World, and when he immediately hit his brakes to turn left, I just kind of hung back and waited to see what he was going to do, and he continued straight on Hunter."

At the conclusion of the hearing, the State requested that the trial court take judicial notice that Wonder World was four lanes with a divided double-yellow line. After the hearing, the trial court denied the motion to suppress but did not rule on the State's request for judicial notice. No findings of fact or conclusions of law were requested or made. After the motion to suppress was

2

denied, King pleaded nolo contendere, and the trial court sentenced him in accordance with a plea agreement. This appeal, limited to the denial of the motion to suppress, followed.

## STANDARD OF REVIEW

A trial court's ruling on a motion to suppress is reviewed under an abuse of discretion standard. *Crain v. State*, 315 S.W.3d 43, 38 (Tex. Crim. App. 2010); *see also Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009) (stating that trial court abuses its discretion when its decision lies outside zone of reasonable disagreement). In a suppression hearing, the trial court is "the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony." *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).

We apply a bifurcated standard of review to a trial court's ruling on a motion to suppress evidence. *Wilson v. State*, 311 S.W.3d 452, 457–58 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Under that standard, we defer to the trial court's determination of historical facts "if supported by the record," *Wade v. State*, 422 S.W.3d 661, 666 (Tex. Crim. App. 2013), but we review de novo the trial court's application of the law to those facts, *Wilson*, 311 S.W.3d at 458. Similarly, appellate courts "afford almost total deference" to rulings on mixed questions of law and fact when the resolution of those questions depends on the evaluation of credibility and demeanor but review de novo mixed questions of law and fact that do not depend on an evaluation of credibility and demeanor. *State v. Johnson*, 336 S.W.3d 649, 657 (Tex. Crim. App. 2011). Further, we review de novo purely legal questions. *Id.*

King did not request findings of fact and conclusions of law. Thus, we must "view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007) (citing *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (citing *Carmouche*, 10 S.W.3d at 328)).

## DISCUSSION

In one issue, King contends that the trial court erred in finding that there was reasonable suspicion for the officer to initiate the traffic stop.[1] He urges that the trial court erred in finding that King committed a traffic violation under section 545.051(c) of the Transportation Code. *See* Tex. Transp. Code § 545.051(c). According to King, section 545.102 is the section of the Transportation Code that specifically addresses u-turns and, under that section, the u-turn that King made was not a traffic violation. *See id.* § 545.102.

An officer may initiate a traffic stop when he reasonably suspects that the driver is violating the law. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *see also* U.S. Const. amend. IV; *Terry v. Ohio*, 392 U.S. 1, 21 (1968). "Reasonable suspicion exists if the

---

[1] As an initial matter, King urges that, to the extent the trial court took judicial notice that the road in question was a four-lane road with a divided double-yellow line, it erred. *See* Tex. R. Evid. 201 (allowing judicial notice of adjudicative facts). King contends that judicial notice was improper because the condition and makeup of the road over a year prior to the hearing was not commonly known and was contested, and the trial court did not notify King that it was taking judicial notice. *See id.* R. 201(e) (entitling party to opportunity to be heard as to propriety of taking judicial notice). The record, however, does not reflect that the trial court took judicial notice of any facts. Although the State asked the trial court to take judicial notice that the road was four lanes with a divided double-yellow line, the trial court did not rule on the request.

4

officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has, or soon will be, engaged in criminal activity." *Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008) (citing *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)). "The test for reasonable suspicion is an objective one that focuses solely on whether an objective basis exists for the detention and disregards the officer's subjective intent." *State v. Kerwick*, 393 S.W.3d 270, 274 (Tex. Crim. App. 2013) (citing *Terry*, 392 U.S. at 21–22 and *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011)). The standard is "what a reasonable officer would have done with what he actually did see." *See State v. Duran*, 396 S.W.3d 563, 572 (Tex. Crim. App. 2013). In making the determination of whether reasonable suspicion existed, we consider the totality of the circumstances. *Ford*, 158 S.W.3d at 492; *Garcia*, 43 S.W.3d at 530.

Because the only evidence presented at the hearing was the testimony of the arresting officer and his hand-drawn map of the intersection, the trial court was presented with a mixed question of law and fact wherein the resolution turned on an evaluation of the credibility and demeanor of the arresting officer. *See Ross*, 32 S.W.3d at 856. Therefore, we give almost total deference to the trial court's ruling that reasonable suspicion existed. *See id.; see also Johnson*, 336 S.W.3d at 657.

To support his position that the trial court erred by denying his motion to suppress, King focuses on the officer's testimony that he "believe[d]" the road was four lanes. King contends that the officer's belief that the road was four lanes conflicted with the officer's hand-drawn map, and the officer's belief over a year after an incident is insufficient to establish the existence of

5

reasonable suspicion to initiate a traffic stop or to support a finding of a traffic violation under section 545.051(c) of the Transportation Code. *See* Tex. Transp. Code § 545.051(c). King urges that the officer's hand-drawn map contradicted the officer's testimony that the road was four lanes because the map depicts the road as two lanes.

Viewing the evidence in the light most favorable to the trial court's ruling, however, the trial court could have found that the hand-drawn map showed directions of travel, not number of lanes, and that the map, therefore, was not inconsistent with the officer's testimony. *See Wiede*, 214 S.W.3d at 25. Further, we must assume that the trial court found the officer's testimony credible. *See St. George*, 237 S.W.3d at 725 (noting that trial court is "the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony"); *Wiede*, 214 S.W.3d at 25 (noting that appellate court must view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record).

King also focuses on the particular provision of the Transportation Code alleged to have been violated. He urges that the more specific section 545.102 of the Transportation Code, addressing "Turning on Curve or Crest of Grade," controls over section 545.051(c). *See* Tex. Transp. Code §§ 545.051(c), .102. For purposes of this appeal, section 545.102 prohibits u-turns in specified situations, *id.* § 545.102, and section 545.051(c) provides that "[a]n operator on a roadway having four or more lanes for moving vehicles and providing for two-way movement of vehicles may not drive left of the center line of the roadway." *See id.* § 545.051(c).

6

The State did not argue to the trial court and does not assert on appeal that King violated section 545.102, but that the trial court could have denied the motion to suppress based on a finding that either: (i) King violated section 545.051 by not staying to the right of the roadway, or (ii) the officer had reasonable suspicion to stop the vehicle under a totality of the circumstances even absent a traffic violation. *See Guerra v. State*, 432 S.W.3d 905, 911 (Tex. Crim. App. 2014) (noting that it is "not necessary that the reasonable suspicion relate to a specific criminal offense"); *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013) (explaining that "State does not have to establish with absolute certainty that a crime occurred; it just has to carry its burden of proving that, under the totality of the circumstances, the seizure was reasonable"); *Derichsweiler v. State*, 348 S.W.3d 906, 916 (Tex. Crim. App. 2011) (noting that it is "not a *sine qua non* of reasonable suspicion that a detaining officer be able to pinpoint a particular penal infraction"); *Curtis v. State*, 238 S.W.3d 376, 379–80 (Tex. Crim. App. 2007) (finding that court of appeals failed to consider "rational inference" from "car weaving in and out of his lane several times, over short distance, late at night" in its determination of whether there was justification for detention); *Arroyo v. State*, No. 01-10-00136-CR, 2011 Tex. App. LEXIS 679, at *10–12 (Tex. App.—Houston [1st Dist.] Jan. 27, 2011, no pet.) (mem. op., not designated for publication) (collecting cases in which courts considered, among other facts, time of day and weaving in determination of whether there was reasonable suspicion of driving while intoxicated based on totality of circumstances).

Here, in addition to the officer's testimony about the vehicle's movement through the intersection, the officer also observed the vehicle "failing to maintain a single lane" before it reached the intersection, the traffic stop occurred after midnight, and the officer had 15 years of

experience.  Viewing this evidence in the light most favorable to the trial court's ruling and assuming that the trial court made implicit findings of fact based on rational inferences from this evidence, we agree with the State that the record supports a finding of reasonable suspicion.  *See Guerra*, 432 S.W.3d at 911; *Neal*, 256 S.W.3d at 280.  Thus, considering the totality of the circumstances, we cannot conclude that the trial court erred when it denied the motion to suppress. *See Ford*, 158 S.W.3d at 492; *Garcia*, 43 S.W.3d at 530.

## CONCLUSION

For this reason, we overrule King's issue and affirm.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin
    Dissenting Opinion by Chief Justice Jones

Affirmed

Filed:  November 14, 2014

Do Not Publish

8