

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EDUARDO SALAS RAEL, | § | No. 08-15-00063-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| V. | | Criminal District Court No. 3 |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC# 1361158D) |
| | § | |

## **O P I N I O N**

Eduardo Salas Rael appeals an order denying his pretrial motion to suppress.  Appellant waived his right to a jury trial and entered a negotiated plea of guilty to possession of more than four but less than 200 grams of cocaine.  The trial court deferred adjudicating guilt, and placed Appellant on deferred adjudication community supervision for seven years.  We affirm.

### **FACTUAL SUMMARY**

Officer Mason Lawrence with the Fort Worth Police Department received information from an informant named "Jason" that someone named Eduardo Sandoval was leaving an Italian restaurant and would be selling drugs "at different locations up and down" Camp Bowie Boulevard.  Lawrence was on patrol in the area and he observed a small gray Acura travelling eastbound on Camp Bowie Boulevard.  The driver of the Acura, subsequently identified as Appellant, turned into the parking lot of a business without using a turn signal.  Lawrence

initiated a traffic stop and approached the vehicle. After asking Appellant for his identification and insurance information, Lawrence asked Appellant for consent to search the vehicle, and Appellant gave verbal consent. Before asking Appellant to exit the vehicle, Lawrence called for a canine unit come to the scene to perform an open-air sniff of the car's exterior. He explained that he asked for a canine unit because he was concerned Appellant might withdraw his consent. The canine unit arrived in approximately five minutes. The dog alerted "hard" to the presence of narcotics in the area of the driver's seat. Lawrence and the canine officer searched the car and found a small baggie of cocaine in the car's center console. Lawrence placed Appellant under arrest. Additional cocaine was found on Appellant's person after he arrived at the jail.

At the suppression hearing, the State introduced a video recording captured by the "dash cam" in Lawrence's patrol car. The dash cam should have automatically begun recording when Lawrence turned on the emergency lights, but the automatic mechanism malfunctioned. Lawrence turned on the camera manually when he realized it had not automatically activated. Consequently, the recording does not show the traffic violation or the initial part of the stop, and it begins at the point when the canine unit arrived and Appellant exited his vehicle.

At the conclusion of the hearing, Appellant argued that the officer was not credible and the traffic stop was a pretext to conduct a search based on the tip the officer received earlier. The trial court denied the motion to suppress.

**FINDINGS OF FACT**

We begin by addressing Appellant's second issue. Appellant contends that the trial court erred by failing to make written findings of fact. The record does not reflect that Appellant

asked the trial court to issue written findings. In *State v. Cullen*, the Court of Criminal Appeals held that a trial court is required to make written findings on a suppression ruling *at the request of the losing party*. *State v. Cullen*, 195 S.W.3d 696, 699 (Tex.Crim.App. 2006). Absent a request, the trial court does not have a duty to make these findings. *Anderson v. State*, 414 S.W.3d 251, 257 (Tex.App.--Houston [1st Dist.] 2013, no pet.)(holding that trial court was not obligated to file findings of fact and conclusions of law without a request). Issue Two is overruled.

## MOTION TO SUPPRESS

In Issue One, Appellant challenges the trial court's order denying his motion to suppress evidence. The State responds that the officer had reasonable suspicion to stop the vehicle, and he had both consent and reasonable suspicion to search based on the canine alert.

### *Standard of Review*

Determinations of reasonable suspicion and probable cause are generally reviewed *de novo* on appeal. *Ornelas v. U.S.*, 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996); *Kothe v. State*, 152 S.W.3d 54, 62 (Tex.Crim.App. 2004). These issues typically arise in fact specific situations. Consequently, we review a trial court's ruling on a motion to suppress using the bifurcated standard of review articulated in *Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App. 1997). *See Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); *Krug v. State*, 86 S.W.3d 764, 765 (Tex.App.--El Paso 2002, pet. ref'd).

Under this standard, the trial judge is the sole trier of fact regarding the credibility and weight to be given to a witness's testimony, and we do not engage in our own factual review of

the trial court's decision. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). We are required to give almost total deference to the trial court's determination of historical fact and application of law to fact questions that turn on an evaluation of credibility and demeanor. *Montanez v. State*, 195 S.W.3d 101, 106 (Tex.Crim.App. 2006), *citing Guzman*, 955 S.W.2d at 89. The trial court's rulings on mixed questions of law and fact that do not turn on the credibility and demeanor of witnesses are reviewed *de novo*. *Id.* Questions of legal principles and the application of established facts to the law are also reviewed *de novo*. *Kothe v. State*, 152 S.W.3d 54, 62-63 (Tex.Crim.App. 2004).

In this case, the trial court did not issue written findings of fact. Accordingly, we will presume factual findings that would support the trial court's ruling if the record could support the implied findings. *Ford v. State*, 158 S.W.3d 488, 493 (Tex.Crim.App. 2005); *Carmouche*, 10 S.W.3d at 327-28.

### *Reasonableness of the Stop*

Appellant argues, as he did at the suppression hearing, that the traffic stop was invalid because it was a pretext to stop and search Appellant and his vehicle. He further contends that even if the stop is valid, the officer could not remove him from his vehicle and search the car.

When a police officer stops a defendant without a warrant and without the defendant's consent, the State has the burden at a suppression hearing of proving reasonableness of the stop. *Ford v. State*, 158 S.W.3d 488, 492 (Tex.Crim.App. 2005). A police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks evidence rising to

the level of "probable cause." *See Terry v. Ohio*, 392 U.S. 1, 29, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968).

An officer may lawfully stop and detain a person for a traffic violation that the officer witnesses. *See Garcia v. State*, 827 S.W.2d 937, 944 (Tex.Crim.App. 1992); TEX.CODE CRIM.PROC.ANN. art. 14.01(b)(West 2015)("A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."); TEX.TRANSP.CODE ANN. § 543.001 (West 2011)("Any peace officer may arrest without warrant a person found committing a violation of this subtitle."). The decision to stop an automobile is reasonable when an officer has reasonable suspicion to believe that a traffic violation has occurred. *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex.Crim.App. 2015); *Guerra v. State*, 432 S.W.3d 905, 911 (Tex.Crim.App. 2014). The fact that the officer may have had another subjective motive for seizing a driver does not invalidate an objectively reasonable seizure. *State v. Gray*, 158 S.W.3d 465, 469-70 (Tex.Crim.App. 2005), *citing Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *Crittenden v. State*, 899 S.W.2d 668, 674 (Tex.Crim.App. 1995).

The officer testified that he believed Appellant violated a traffic law by failing to signal his intent to turn from the street into the parking lot. Section 545.104 of the Texas Transportation Code states in relevant part:

> (b) An operator intending to turn a vehicle right or left shall signal continuously
> for not less than the last 100 feet of movement of the vehicle before the turn.

TEX.TRANSP. CODE ANN. § 545.104(b)(West 2011). By denying the motion to suppress, the trial court impliedly found Officer Lawrence's testimony credible, and we are required to defer to this finding. Based on the evidence admitted at the suppression hearing, the officer had reasonable

suspicion to believe Appellant committed a traffic offense. Consequently, the traffic stop was valid under the Fourth Amendment.

The officer engaged in routine questioning of Appellant and he asked Appellant for consent to search the vehicle. According to Lawrence, Appellant consented to the search. Consent to search is one of the well-established exceptions to the constitutional requirements of both probable cause and a warrant. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex.Crim.App. 2002). When consent is given, a continued detention and search of a vehicle are reasonable even without circumstances showing reasonable suspicion of any further criminal activity. *James v. State*, 102 S.W.3d 162, 173 (Tex.App.--Fort Worth 2003, pet. ref'd), *citing Ohio v. Robinette*, 519 U.S. 33, 39-40, 117 S.Ct. 417, 420-21, 136 L.Ed.2d 347 (1996). The trial court did not err by denying the motion to suppress. We overrule Issue One and affirm the judgment of the trial court.


October 5, 2016

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)